# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| STATE OF RHODE ISLAND, et al., *Plaintiffs*, v. DONALD J. TRUMP, et al., *Defendants*. | C.A. No.: |

## DECLARATION OF DALIA THORNTON

Pursuant to 28 U.S.C. § 1746, I, Dalia Thornton declare as follows:

1. I am over 18 years of age and competent to give this declaration. This declaration is based on my personal knowledge, information, and belief.

2. I am the Director of the Research and Collective Bargaining Services ("RCB") department of the American Federation of State, County and Municipal Employees, AFL-CIO ("AFSCME").

3. AFSCME is a national labor organization and unincorporated membership association headquartered at 1625 L Street N.W., Washington, D.C. 20036. AFSCME is the largest trade union of public employees in the United States, with around 1.4 million members organized into approximately 3,400 local unions, 58 councils and other affiliates in 46 states, including the District of Columbia, and Puerto Rico. AFSCME, through its affiliates District Councils and local unions, represents public employees at the local, municipal, county and state levels of government including thousands of state employees in state agencies and departments across the country.

4. I have been the Director of RCB since 2019.

5. As Director, I am responsible for directing RCB including providing guidance and leadership to AFSCME staff and affiliate leaders concerning negotiating collective bargaining agreements, negotiating with public and private sector employers, including state employers, regarding wages, hours and other terms and conditions of employment on behalf of employees, and processing and resolving

1

state employee grievances and arbitrations. As Director, I also oversee AFSCME assistance to affiliates engaged in interest arbitrations with employers and in training for affiliate staff and union members on bargaining strategies and impasse avoidance.

6. AFSCME assists in negotiating collective bargaining agreements and other labor-management agreements with state and other public and private sector employers with the goal of advocating for fairness in the workplace, better wages and working conditions, excellence in public services, and prosperity and opportunity for all working families. AFSCME also assists its affiliates in handling grievances and arbitrations concerning disputes with state and other employers over the terms of agreements and concerning grievances and arbitrations over the discipline of employees.

7. There are approximately 1900 AFSCME collective bargaining or other agreements with employers in the private sector and the public sector at all levels of government with specific provisions either allowing for or mandating the use of FMCS in labor-management relations. These agreements are in forty-two states, including the District of Columbia.

8. AFSCME specifically relies upon the Federal Mediation and Conciliation Service ("FMCS") to help facilitate the negotiation of collective bargaining and other labor-management agreements, and in the handling of grievances concerning state employees, in California, Delaware, the District of Columbia, Illinois, Maryland, Michigan, Nevada, New Mexico, New York, Rhode

Island and Washington. AFSCME affiliates also rely upon FMCS to provide "card check" services to conduct card counts for AFSCME organized bargaining units.

9. Many AFSCME agreements with state employees provide for the use of FMCS arbitrators or fact finders to serve as impartial decision makers and/or mediators in disputes over the meaning of terms in an agreement or in employee discipline cases.

10. For example, in the state of Maryland, under the Memorandum of Understanding between AFSCME and the state, when the union and employer during negotiations cannot come to an agreement on a mandatory subject of bargaining, either party can at their own cost request a mediator from FMCS to aid in resolving the dispute. Additionally, per the terms of the agreement, complaints concerning alleged violations of the terms of the agreement can be heard by a fact finder provided by FMCS, with costs to be shared equally by the parties.

11. Similarly, in Illinois, the Illinois Public Labor Relations Act requires mediation in negotiations over collective bargaining agreements between the state and unions representing public safety employees (peace officers, firefighters, paramedics), and requires mediation before those employees could otherwise exercise their right to strike. If either the employer or the union requests mediation services from FMCS, the other party must join in that request or otherwise bear the additional cost of mediation from another source.

12. The use of FMCS appointed mediators has helped to resolve disputes that otherwise may have escalated and caused both the union and the state to expend

greater resources in both time and money to resolve the dispute. Mediation frequently is less costly and takes significantly less time to resolve disputes in contrast to labor disruptions, administrative hearings, or other litigation.

13. In 2019, AFSCME and the state of Maryland relied upon FMCS to mediate a dispute over a new overtime policy within the state Department of Public Safety and Correctional Services. With the involvement of the FMCS Commissioner as a mediator, what began as a contentious labor relations dispute at the states' largest correctional facility instead resulted in a mediated new policy that applied beyond the specific institution originally involved. FMCS assistance helped to facilitate a reasonable solution to navigate the difficult issues of understaffing in correctional facilities in Maryland; an issue that without FMCS assistance would have surely resulted in costly and time-consuming litigation before the state labor relations board.

14. In 2023, in Salisbury, Maryland, AFSCME and other unions utilized FMCS to conduct a card count (card check) to determine which union would represent separate bargaining units of the Fire Department, Police Department, and General Government Personnel in that city. As is often the case, use of FMCS was at considerably less cost to the unions and the employer than alternative private vendors that can cost hundreds or thousands of dollars to engage.

15. In 2021, AFSCME reached an agreement with Eastern Illinois University, a public state university, after over a year of bargaining. It was not until the union and the state agreed to bring in FMCS to help mediate that an agreement

could be reached.

16. Also in Illinois, AFSCME depends upon FMCS to mediate contract negotiations for the approximately 38,000 AFSCME represented state employees there, to avoid labor disruption including the potential for strikes.

17. AFSCME also relies upon FMCS mediation services concerning its negotiation of collective bargaining agreements in the private sector and has been harmed by the sudden cessation of FMCS services.

18. AFSCME has negotiated several first contracts with tentative agreements on grievance and arbitration procedures specifying FMCS as the provider of arbitrators and/or mediation. As a result of the cessation of FMCS services, all of those contracts will now have to be re-opened to renegotiate the articles referencing FMCS, thereby putting all negotiations progress at risk.

19. AFSCME affiliates have informed us that they have been notified that FMCS is basically being shut down. They have told us that FMCS staff now placed on administrative leave have informed them that FMCS is "being reduced to a minimum presence", and "just like that, it's done."

20. In Minnesota, AFSCME Council 65 has been in contentious negotiations for a first contract with the Cura of Monticello nursing home recently acquired by its new owner. Negotiations have been ongoing for more than a year and have included the filing of an unfair labor practice by the union against the employer. To help ease the tension and in hopes of securing an agreement, after four months of negotiations, the parties invoked mediation from FMCS. FMCS mediation began in May of 2024

and had been ongoing since March of 2025. FMCS mediation had been successful and resulted in the parties reaching agreeing on virtually all disputes. The next meeting with the FMCS mediator was scheduled for Friday, March 28, 2025. However, on March 26, 2025, as a direct result of the March 14, 2025 Executive Order "Continuing the Reduction of the Federal Bureaucracy" the parties received an email from the FMCS mediator abruptly canceling the mediation session. The cancellation email stated that it was due to "FMCS is being reduced to a minimum presence and nearly all staff nationwide are being placed on administrative leave effective tomorrow."

21.    In Illinois, at the Thrive nursing home, AFSCME Council 31 has been in negotiations over a new contract for several months. The negotiations have been contentious, and the parties brought in a FMCS mediator to help avoid a potential strike. The assigned mediator has now informed the parties that he no longer can provide services due to his sudden layoff brought on by the Executive Orders.

22.    In Vermont, AFSCME Local 1674 represents employees at the Howard Center which provides mental health and developmental disability services, some of which are aided by state funding sources. Bargaining between the union and employer has often been contentious and difficult and the possibility of a strike or lockout is frequently present. With that in mind, the union and employer during the last round of bargaining in 2023 and 2024, agreed to bring in a FMCS mediator to all bargaining sessions and hopefully avoid labor disruptions. FMCS was instrumental in navigating the threat of impasse and brokering a final agreement, one which

satisfied both the union and the employer and avoided a costly work stoppage that would have impacted the provision of vital health services to the public.

23. The immediate effect of the March 14, 2025, Executive Order "Continuing the Reduction of the Federal Bureaucracy" has been the immediate cessation of all FMCS assistance in the mediating of labor management disputes in the public and private sector and the immediate cessation of all FMCS assistance in grievance mediation across the board. Accordingly, AFSCME unions representing employees in both the private and public sectors must now find and utilize other more costly and time expansive methods to resolve disputes with employers. Additionally, labor disputes are more likely to result in work disruptions when the path to otherwise mediating the dispute has been eliminated.

24. These injuries suffered by AFSCME, employees, and employers are ongoing or imminent and will persist unless this Court intervenes.

> I declare under penalty of perjury under the laws of the United States that, to the best of my knowledge, the foregoing is true and correct.
>
> Executed on April 2, 2025, at Washington, DC
>
> _____