# REPLY EXHIBIT 2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| STATE OF RHODE ISLAND, et al., <br><br> Plaintiffs, <br><br> v. <br><br> DONALD J. TRUMP, et al., <br><br> Defendants. | Case No.: 1:25-cv-128 |

1

## DECLARATION OF KEN DELORENZO

Pursuant to 28 U.S.C. § 1746, I, Kenneth DeLorenzo, hereby declare as follows:

1. I am over the age of eighteen and understand the obligations of an oath.

2. I have personal knowledge of all facts stated herein or have knowledge of the matters based on my review of information and records.

3. I submit this declaration in connection with Executive Order 14,238, "Continuing the Reduction of the Federal Bureaucracy," which directed seven federal agencies, including the Federal Mediation and Conciliation Service (FMCS), to eliminate any non-statutory components and functions to the maximum extent consistent with applicable law, and to reduce the performance of any statutory functions and associate personnel to the minimum presence and function required by law.

4. I am currently employed as the Field Representative of United Nurses & Allied Professionals (UNAP) representing approximately 7,000 nurses, technologists, therapists, support staff, and other health care workers employed in Rhode Island, Vermont, and Connecticut.

5. Over the last 11 years, I have participated in hundreds of management-labor disputes on behalf of UNAP, including negotiations involving collective bargaining agreements, grievances, strikes, lockouts, and arbitrations.

6. By statute, disputes between UNAP and employers are referred to mediation by FMCS. I have participated in eight disputes mediated by FMCS, and to my knowledge, dozens of disputes have been referred to FMCS over the past 11 years. Many of those disputes were successfully mediated, preventing escalations that could have had devastating impact on critical healthcare services throughout Rhode Island.

7. For example, in 2018, FMCS played a critical role in mediating contract negotiations and ending a five-day work stoppage at Rhode Island Hospital and Hasbro Children's Hospital,

which cost Lifespan (now Brown University Health) millions of dollars to hire replacement staff—paying exorbitant rates for temporary workers who were largely unfamiliar with the hospital's equipment, layout, practices, and standards of care.

8. Since January 2025, UNAP has been negotiating a new collective bargaining agreement on behalf of approximately 2,500 healthcare workers at Rhode Island Hospital, the state's only Level-One Trauma Center and the flagship hospital for Brown University Health (formerly Lifespan), the state's largest private employer.

9. On or about March 20, 2025, I agreed with my counterpart negotiating on behalf of Brown University Health that negotiations had stalled, and we agreed that a resolution of the disagreement would likely require a neutral mediator provided by FMCS.

10. On or about October 24, 2024 we were assigned a mediator by FMCS. *See* Attachment A.

11. On or about March 26, 202, our assigned mediator arrived for our first mediation session, but before we could begin, he informed us that he had been placed on administrative leave in accordance with the Executive Order and was no longer able to mediate UNAP's negotiations with Brown University Health. For that reason, the mediation session was cancelled.

12. On or about March 31, 2025, UNAP's collective bargaining agreement with Brown University Health expired, and a work stoppage—with likely devastating effects on the state's healthcare system from even the temporary loss of its dedicated healthcare workers—is an ever-increasing possibility while negotiations drag out.

13. We are at a critical juncture in our negotiations, and UNAP may need to issue a strike notice. If that is the case, UNAP is legally required under the National Labor Relations Act to notify FMCS in advance so that FMCS may intervene. However, the dismantling of FMCS has created confusion over how UNAP shall fulfill that duty and to what end.

14. There is no replacement for FMCS services. UNAP and Brown University Health may be

3

able to pay for private mediation, but only FMCS mediators have the authority to force parties to the table if a work stoppage is imminent.

15. It is my opinion, given my professional experience with UNAP's negotiations with Brown University Health, that the loss of FMCS mediation services has dramatically increased the risk of an imminent work stoppage—with life-and-death consequences—at the busiest medical center in the region.

I declare under penalty of perjury under the laws of the United States that, to the best of my knowledge, the foregoing is true and correct. Executed on April 15, 2025, at Providence, Rhode Island.

_____
Kenneth DeLorenzo

# Attachment A

**From:** France-Haff Cheryl <cfrancehaff@fmcs.gov>
**Sent:** Thursday, October 24, 2024 12:15 PM
**To:** arizzotti@littler.com; kdelorenzo@unap.org
**Subject:** FMCS Case #2025N0500162, Rhode Island Hospital & United Nurses & Allied Professionals

PLEASE DO NOT RESPOND TO THIS EMAIL

Case #: 2025N0500162

To Whom It May Concern:

Thank you for notifying the Federal Mediation and Conciliation Service (FMCS) of your pending contract negotiations. FMCS is a Congressionally-funded service available to parties participating in collective bargaining to help resolve labor disputes that may lead to disruptive work stoppages.

Federal Mediator Martin Callaghan has been assigned to your negotiation and can be reached at 617-424-5786 and via e-mail at mcallaghan@fmcs.gov. The mediator will be contacting you shortly to discuss all of the services that we offer.

Mediation is a voluntary process in which labor and management agree to use a neutral third party to help them resolve issues and challenges preventing the parties a settled collective bargaining agreement. Experience has proven that using a mediator early in negotiations can often lead to significant mutual gains. FMCS mediators are highly trained conflict resolution professionals. They have years of experience in the collective bargaining process, and a deep commitment to the confidentiality and neutrality parties need to achieve mutually acceptable agreements. Mediators have absolutely no authority to impose concessions or settlements.

In addition to collective bargaining mediation, FMCS offers programs designed to improve communications, listening and information gathering skills. Custom designed relationship development and training programs can lead to potentially more productive business outcomes and improved job security. FMCS mediators also develop systems to help parties resolve large numbers of backlogged grievances and thus, save costs.

The Federal Mediator referenced above will welcome your questions, please do not hesitate to reach out.

For more information, please connect with FMCS at [www.fmcs.gov](www.fmcs.gov). You can also find us on [Facebook](Facebook), [Twitter](Twitter), and [YouTube](YouTube).

Sincerely,

Gemma Lopresti
[glopresti@fmcs.gov](mailto:glopresti@fmcs.gov)
Field Operations Manager

[www.fmcs.gov](www.fmcs.gov)
***FMCS services also offered virtually! Click [HERE](HERE) to learn more.***
Connect with [FMCS](FMCS):


For more information on how we handle your personal information and email communications, please visit our [Privacy Policy](Privacy Policy).