IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| STATE OF RHODE ISLAND, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*,<br><br>Defendants. | No. 25-cv-00128 |

## DEFENDANTS' RESPONSE TO PLAINTIFFS' PROPOSED ORDER

Defendants appreciate Plaintiffs' good-faith efforts to reach a compromise on the text of the proposed order. Nonetheless, Defendants respectfully submit that Plaintiffs' proposed order does not comply with Federal Rule of Civil Procedure 65(d)(1), which requires that an order granting an injunction "state its terms specifically" and "describe in reasonable detail—and not by referring to the complaint or other document—the act or acts restrained or required." Fed. R. Civ. P. 65(d)(1)(B)–(C). Accordingly, Defendants request that this Court enter an order that more precisely defines Defendants' obligations, to ensure compliance with Rule 65(d)(1), and to avoid the need to burden the Court with motion for clarification practice.[1]

As an initial matter, Plaintiffs' proposed order covers three agencies that carry out distinct and varying functions. The proposed order's general mandate that the agencies "[b]e restrained and prohibited from implementing, giving effect to, or keeping in force any policies,

---

[1] Defendants' response regarding the terms of the preliminary injunction order does not constitute a waiver of their right to appeal either Plaintiffs' entitlement to any such order or to raise objections with the text of the order in any respect.

1

memoranda, directives, or actions issued prior to the date of this order that were designed or intended, in whole or in part, to implement, give effect to, comply with, or carry out the directives contained in Executive Order No. 14,238," does not provide any level of specificity or detail that would enable implementation. While Defendants do not understand that to be the intent of the language, the broad language of the proposed order could potentially sweep in almost all activities that occurred since March 14, 2025, particularly in light of the reference to actions that are taken "in whole or in part" with respect to an Executive Order that itself is broadly defined.  At a minimum, this could lead to confusion over the scope of the order—for example, whether accepting an agency official's voluntary departure, or taking internal efforts to improve efficiency, constituted an action that was "in part" to implement the Order.  To the extent there are specific actions that Plaintiffs wish to enjoin that they believe are within the scope of the preliminary injunction—reductions in force, grant terminations, etc., the appropriate action would be to simply list those actions, so Defendants understand their obligations.

Similarly, the proposed order then states that Defendants are to "take all necessary steps to reverse any policies, memoranda, directives, or actions issued prior to the date of this order that were designed or intended, in whole or in part, to implement, give effect to, comply with, or carry out the directives contained in the Reduction EO," but again does not specify exactly what the agencies are expected to reverse.  The proposed order does not specify whether Defendants are to re-instate grants or reverse any reduction in force decisions.  The proposed order, therefore, creates implementation ambiguities.  For example, by its terms, any obligations with respect to employees who voluntarily departed after the issuance of the Executive Order remain unclear.  And the order does not provide any level of specificity as to any unwinding of grant terminations for grantees that are non-parties, which runs headlong into the Court's own standing

2

analysis and makes "equitable relief against non-parties" an issue here.

Finally, the proposed order requires full compliance within seven days. Because the proposed order requires sweeping relief across various agencies, Defendants may not be able to fully implement its provisions within seven days. Specifically, impediments outside Defendants' control such as access to technology and office space may delay complete implementation, to the extent that implementation would, for example, require all employees to be back in their pre-March 14 offices by a certain date.

In sum, in accordance with Rule 65(d), Defendants request a preliminary injunction order that specifically states the actions each agency is expected to take and describes each agencies' obligations in reasonable detail. Because Plaintiffs' proposed order fails to do so, Defendants request that the Court's injunction order provide the necessary details.

Dated: May 9, 2025

Respectfully submitted,

YAAKOV M. ROTH
Acting Assistant Attorney General

ERIC J. HAMILTON
Deputy Assistant Attorney General
Civil Division, Federal Programs Branch

JOSEPH E. BORSON
Assistant Branch Director
Federal Programs Branch

/s/ *Abigail Stout*
ABIGAIL STOUT
(DC Bar No. 90009415)
*Counsel*
U.S. Department of Justice
Civil Division
950 Pennsylvania Avenue, NW
Washington, DC 20530
Telephone: (202) 514-2000

Email: Abigail.Stout@usdoj.gov

/s/ *Heidy L. Gonzalez*
JULIA A. HEIMAN (D.C. Bar No. 986228)
HEIDY L. GONZALEZ (FL Bar No. 1025003)
*Trial Attorneys*
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC  20005
Tel. (202) 598-7409
heidy.gonzalez@usdoj.gov

*Attorneys for Defendants*

4