IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| STATE OF RHODE ISLAND, *et al.*,<br><br>  Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*,<br><br>  Defendants. | No. 25-cv-00128 |

## DEFENDANTS' STATUS REPORT

Pursuant to the Court's May 13, 2025 Order, Defendants provide the following information regarding their implementation of the Court's Preliminary Injunction Order. *See* ECF No. 60.

1. The Agency Defendants have been working diligently to implement all provisions of the Court's Preliminary Injunction Order.

2. As to personnel, the Agency Defendants are restoring "employees and personal service contractors, who were involuntarily placed on leave or involuntarily terminated due to the implementation of Executive Order." ECF No. 60 ¶ 4.

    a. IMLS employees who were involuntarily terminated or placed on administrative leave as a result of the Executive Order have been notified of the Court's Preliminary Injunction Order and of IMLS's resulting suspension of its reduction-in-force (RIF) efforts. To ensure an orderly return to work, IMLS implemented a staggered return beginning May 20th, with all non-remote employees who were involuntarily terminated or placed on administrative leave expected to be back in the office by May

27th.  Remote employees have been given until July 15th to report to the IMLS offices in D.C., an extension of the return to office notice originally issued on January 30th.  Following IMLS's return to work notice, the American Federation of Government Employees—the IMLS bargaining unit employees' representative—indicated that it will exercise its rights under a Memorandum of Understanding with the Agency to request a formal briefing and the opportunity to bargain over IMLS's implementation of the Court's Order.  IMLS will engage in good faith during any negotiations with the intent of reaching a resolution with the union over the next few days.  Unless a union employee decides on their own to report to work, union employees will remain on administrative leave during the negotiations.  A pre-planned move to new office space has been put on hold, and IMLS will notify the General Services Administration that it will stay in its current space during the pendency of the injunction.

b. MBDA has notified those employees who were placed on administrative leave of the Court's Preliminary Injunction Order.  On May 8, 2025, following the Court's May 6, 2025 opinion and order, the Department of Commerce sent a letter to employees who received a RIF notice on April 9, 2025, explaining that the effective date of the notice was being suspended and those employees would remain in paid, non-duty status until otherwise notified.  On May 19, 2025, following the Court's Preliminary Injunction Order, Commerce notified those employees that "effective immediately," the agency was rescinding the April 9 RIF notices.  Separately, on May 15, 2025, Commerce sent a letter to MBDA employees directing them to return to work and report for duty to the Herbert C. Hoover Building at 9:00 am on May 20, 2025.

    Employees were asked to bring with them valid photo identification to enter the building and informed of the process by which they would be re-issued their government personal identity verification (PIV) card and provided further instructions for their reinstatement to their position. As of May 20, 2025, 25 of the employees who had received RIF notices have indicated that they will return to MBDA; of those, 19 have returned to the office, while six requested and received appropriate leave.

  c. FMCS has also notified those employees who were involuntarily terminated or placed on administrative leave of the Court's Preliminary Injunction Order. Because FMCS employees are located across the country, the agency has initiated procurement efforts to obtain necessary equipment and credentials that will be shipped to employees located outside the D.C. region. Additionally, FMCS has been working with the Office of Personnel Management to execute remote work agreements to permit injunction compliance while the agency finalizes work arrangements. FMCS expects it will be able to fully reinstate involuntarily terminated employees within 30 days.

3. As to grants and contracts, the Agency Defendants have been working to reinstate grants and contracts to recipients in the Plaintiff States. ECF No. 60 ¶ 5. After conferring with Plaintiffs in writing, Defendants confirmed their understanding that the Preliminary Injunction Order only applies to recipients in Plaintiff States and not to grants or contracts pertaining to recipients outside the Plaintiff States.

  a. IMLS administers eight categories of statutory grants. IMLS had fully restored the Grants to States program before the Court's Preliminary Injunction Order, and the final FY25 allotments will be paid once IMLS receives its apportionment from the Office of Management and Budget. Regarding the seven other grant programs, IMLS

is diligently working toward reinstating 755 grants in the Plaintiff States. In addition, once the contracting officer—who was previously on administrative leave—returns to work on May 22nd, IMLS will begin the notifications and negotiations required to reinstate eight terminated contracts across six contractors in Plaintiff States.

b. There were 52 MBDA grant recipients in Plaintiff States whose grants had been terminated. On May 19, 2025, Commerce sent notifications to all 52 recipients reinstating those grants. The agency also restored Automated Standard Application for Payments (ASAP) permissions to these grant recipients, and previously obligated funding that had not been drawn down was made available to them as of May 19, 2025. Separately, on May 16, 2025, Commerce sent letters to all six MBDA contractors incorporated in Plaintiff States rescinding their contract terminations. Bilateral negotiations are underway to finalize contract modifications to resume work.

c. FMCS does not administer grants or contracts.

4. The steps identified in paragraphs 2 and 3 above constitute the "necessary steps to reverse any policies, memoranda, directives, or actions issued before [the Preliminary Injunction] Order that were designed or intended, in whole or in part, to implement, give effect to, comply with, or carry out the directives contained in Executive Order 14238 with respect to IMLS, MBDA, or FMCS," ECF No. 60 ¶ 2.

5. In sum, the Agency Defendants have taken significant steps to comply with each provision of the Court's Preliminary Injunction Order. As noted, reinstating employees and grant programs presents administrative challenges beyond the Defendants' control. The Agency Defendants will continue to diligently discharge their preliminary injunction obligations.

Dated: May 20, 2025

Respectfully submitted,

YAAKOV M. ROTH
Acting Assistant Attorney General

ERIC J. HAMILTON
Deputy Assistant Attorney General
Civil Division, Federal Programs Branch

JOSEPH E. BORSON
Assistant Branch Director
Federal Programs Branch

/s/ *Abigail Stout*
ABIGAIL STOUT
(DC Bar No. 90009415)
*Counsel*
U.S. Department of Justice
Civil Division
950 Pennsylvania Avenue, NW
Washington, DC 20530
Telephone: (202) 514-2000
Email: Abigail.Stout@usdoj.gov

/s/ *Heidy L. Gonzalez*
JULIA A. HEIMAN (D.C. Bar No. 986228)
HEIDY L. GONZALEZ (FL Bar No. 1025003)
Federal Programs Branch
U.S. Department of Justice, Civil Division
1100 L Street, N.W.
Washington, DC 20005
Tel. (202) 598-7409
heidy.gonzalez@usdoj.gov

*Attorneys for Defendants*