IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| STATE OF RHODE ISLAND, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> DONALD J. TRUMP, in his official capacity as President of the United States, *et al*., <br><br> Defendants. | No. 25-cv-00128 |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR
MOTION FOR A STAY PENDING APPEAL**

This Court should grant Defendants' Motion for a Stay Pending Appeal, ECF No. 63. As previously explained, a stay of the injunction pending their appeal of this Court's Memorandum and Order, ECF No. 57, and Preliminary Injunction Order, ECF No. 60, is warranted because the appeal is likely to succeed, any funds disbursed pursuant to the injunction would be unrecoverable, and a stay would ease the administrative strain on the Agency Defendants pending the First Circuit's decision.

**A. Defendants Could Not Have Negotiated a Preliminary Injunction Order Narrower than the Court's Ruling**

Plaintiffs' primary objection is that to the extent Defendants contest the scope of the injunction, they have waived such argument by not asserting it during the brief period when the Court considered the precise language of the injunction. ECF No. 65 at 6–9. This argument misconstrues the procedural history. While the Court generously provided the parties an opportunity to comment on the text of the order after it rendered its opinion granting Plaintiffs' Motion for Preliminary Injunction, it did not invite the parties to re-litigate the recently argued

1

Motion. And if Defendants raised substantive issues with the injunction after the Court ruled, Plaintiffs would have surely claimed that Defendants were "repeating the same argument this Court previously rejected"—just as they do now as to jurisdiction. *See* ECF No. 65 at 9. Plaintiffs cannot have it both ways.

To recap, Plaintiffs' Motion for Preliminary Injunction initially requested sweeping relief—an injunction of any actions taken by Defendants to implement Executive Order 14,238. *See* ECF No. 3 at 45. At oral argument, Plaintiffs narrowed that request to the three agencies at issue and only with respect to the named Plaintiffs. *See* Transcript at 29:2–33:4. With that representation, the Court's May 6, 2025, Memorandum and Order granted Plaintiffs' Motion and directed Plaintiffs to "prepare and submit to the Court a preliminary injunction *form order*, after consultation with the Defendants." ECF No. 57 at 49 (emphasis added). After good faith but failed efforts to reach agreement with Defendants on the text of the order, Plaintiffs unilaterally submitted a proposed order. ECF No. 58. Defendants responded, noting that Plaintiffs' proposal did not comply with the Federal Rule of Civil Procedure 65(d)(1)'s specificity requirements. ECF No. 59 at 1. The Court subsequently circulated a revised draft and invited the parties to submit edits for its consideration. *See* ECF No. 65, Exhibit A at 4.

The Court's Memorandum and Order, ECF No. 57, necessarily cabined Defendants' suggested edits to the draft preliminary injunction order. While Defendants disagree with the Court's preliminary injunction determinations, Defendants could not change those findings and conclusions through suggested modifications to the text of the proposed order. Instead, Defendants proposed edits to Plaintiffs' proposal to ensure it did not misconstrue or improperly expand the scope of the Court's Memorandum and Order

The jurisdictional example proves this point. Defendants disagree that the Court has jurisdiction to order the reinstatement of employees or grants, *see* ECF No. 41 at 13–20, but the

2

Court rejected those arguments, ECF No. 57 at 14–21.  As such, in providing suggested edits to the proposed order, Defendants could not have eliminated or narrowed the provisions of the Order that require reinstatement.  As another example, although Defendants noted that the Executive Order called for the reduction of agency functions to statutory minimums consistent with applicable law, ECF No. 41 at 4 and Transcript at 63:6–14, the Court held that the Agency Defendants' Executive Order implementation actions failed to comply with the Agencies' statutory mandates, ECF No. 57 at 38–39.  Defendants could not have suggested provisions in the proposed order that would be inconsistent with the Court's determinations.  At bottom, the notion that Defendants could have raised substantive disagreements with the Memorandum and Order, as opposed to edits designed to clarify the text of the order, through the Court's generous request for comment is simply wrong.

In support of the Motion for Stay, Defendants have pointed to their disagreement with the merits of the Court's Preliminary Injunction Order and have highlighted that the Order requires actions above and beyond preserving the Agency Defendants' statutory minimums—indeed, the Order requires complete reversal of all Executive Order implementation efforts.  Because Defendants' appeal is likely to succeed for the reasons previously stated, Defendants seek a stay to prevent any additional and potentially unrecoverable expenditures, particularly in the absence of a bond.  As Defendants have emphasized, Defendants will preserve the activities required by statute.  ECF No. 63 at 6.  This would balance Plaintiffs' purported interests in protecting agency operations while avoiding potentially irreversible harm pending appeal.

### B. Plaintiffs' Remaining Arguments Fail.

Plaintiffs fundamentally misunderstand the declarations submitted in support of the Motion for Stay.  Defendants did not submit the declarations to alter or undermine the Court's Preliminary Injunction Order.  Instead, as is standard practice at this stage, the declarations

3

merely highlight the need for a stay pending appeal to avoid unrecoverable losses should Defendants prevail on appeal and the significant burdens imposed by compliance in the interim. *See* ECF No. 63. These are not facts that could have been adduced before the Preliminary Injunction Order because they stem from Defendants' efforts to comply with the Order ultimately issued. The resources expended on additional Preliminary Injunction Order compliance, including the funding of grants that the agency would otherwise lawfully terminate, would, therefore, be forever lost.

Moreover, Plaintiffs perplexingly argue that Defendants' Motion for Stay fails because it does not contest the Court's legal conclusions, ECF No. 65 at 5, but also argue that the Motion repeats "the same arguments the Court previously rejected," *id*. at 9. As the Motion for Stay highlights, Defendants respectfully disagree with the Court's conclusions, and submit that it is likely that the First Circuit will agree with their arguments. Defendants nonetheless emphasized their view that the Supreme Court's *California* decision is dispositive. Defendants' Motion also explains that the Agency Defendants are poised to expend millions of taxpayer dollars in complying with the Preliminary Injunction Order. If the First Circuit agrees with Defendants' jurisdictional arguments, these expenditures are entirely unrecoverable and, therefore, irreparable. Defendants' Motion, therefore, underscores the need for a stay pending the First Circuit's resolution of unsettled legal questions.

Finally, Plaintiffs suggest that Defendants have made an "about-face" in relying on economic damages to show irreparable harm to *the Government* but eschewing it to show irreparable harm to *Plaintiffs*. ECF No. 65 at 12. They ignore that different law applies to the different parties; what is irreparable to one is not to the other. Plaintiffs can pursue damages against the Government in the Court of Federal Claims, but the Government has no such remedy. Nor can Plaintiffs overcome Defendants' irreparable harm arguments by contrasting Defendants'

4

alleged "unlawful actions" in terminating grants here, *id.* at 13, with terminations for noncompliance, which they acknowledge are subject to the jurisdictional strictures of the Tucker Act, *id.* at 11.  The Government can lawfully terminate grants not only for noncompliance but also "if an award no longer effectuates the program goals or agency priorities."  2 CFR 200.340(a)(4).

Accordingly, Defendants request that this Court enter a stay of the preliminary injunction pending appeal.

Dated:  May 30, 2025                              Respectfully submitted,

                                                  YAAKOV M. ROTH
                                                  Acting Assistant Attorney General

                                                  ERIC J. HAMILTON
                                                  Deputy Assistant Attorney General
                                                  Civil Division, Federal Programs Branch

                                                  JOSEPH E. BORSON
                                                  Assistant Branch Director
                                                  Federal Programs Branch

                                                  /s/ *Abigail Stout*
                                                  ABIGAIL STOUT
                                                  (DC Bar No. 90009415)
                                                  *Counsel*
                                                  U.S. Department of Justice
                                                  Civil Division
                                                  950 Pennsylvania Avenue, NW
                                                  Washington, DC 20530
                                                  Telephone: (202) 514-2000
                                                  Email: Abigail.Stout@usdoj.gov

                                                  /s/ *Heidy L. Gonzalez*
                                                  JULIA A. HEIMAN (D.C. Bar No. 986228)
                                                  HEIDY L. GONZALEZ (FL Bar No. 1025003)
                                                  *Trial Attorneys*
                                                  U.S. Department of Justice
                                                  Civil Division, Federal Programs Branch
                                                  1100 L Street, N.W.
                                                  Washington, DC  20005

Tel. (202) 598-7409
heidy.gonzalez@usdoj.gov

*Attorneys for Defendants*