UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|   |   |
|---|---|
| STATE OF RHODE ISLAND; STATE OF NEW YORK; STATE OF HAWAI'I; STATE OF ARIZONA; STATE OF CALIFORNIA; STATE OF COLORADO; STATE OF CONNECTICUT; STATE OF DELAWARE; STATE OF ILLINOIS; STATE OF MAINE; STATE OF MARYLAND; COMMONWEALTH OF MASSACHUSETTS; PEOPLE OF THE STATE OF MICHIGAN; STATE OF MINNESOTA; STATE OF NEVADA; STATE OF NEW JERSEY; STATE OF NEW MEXICO; STATE OF OREGON; STATE OF VERMONT; STATE OF WASHINGTON; STATE OF WISCONSIN,<br><br>Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States; INSTITUTE OF MUSEUM AND LIBRARY SERVICES; KEITH E. SONDERLING, in his official capacity as Acting Director of the Institute of Museum and Library Services; MINORITY BUSINESS AND DEVELOPMENT AGENCY; MADIHA D. LATIF, in her official capacity as Deputy Under Secretary of Commerce for Minority Business Development; HOWARD LUTNICK, in his official capacity as Secretary of Commerce; FEDERAL MEDIATION AND CONCILIATION SERVICE; GREGORY GOLDSTEIN, in his official capacity as Acting Director of the | C.A. No. 1:25-cv-128-JJM-LDA |

| | |
|---|---|
| Federal Mediation and Conciliation Service; OFFICE OF MANAGEMENT AND BUDGET; RUSSELL T. VOUGHT, in his official capacity as Director of the Office of Management and Budget,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

# ORDER

The Defendants have asked this Court to stay its Preliminary Injunction (ECF No. 60) while they appeal. ECF No. 63. The Plaintiff States oppose the stay. ECF No. 65.

For a Court to grant the extraordinary remedy of a stay of its order, the Defendants bear the burden of showing four factors: "(1) whether the stay applicant has made a strong showing that [it] is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v.* Holder, 556 U.S. 418, 426 (2009) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)).[1]

It is the Defendants' "burden to show that they are entitled to judicial intervention that is 'not a matter of right,' as a stay pending appeal is 'an "intrusion

---

[1] The likelihood of success and irreparable harm are the two most critical factors. *Nken v. Holder*, 556 U.S. 418, 427 (2009).

into the ordinary processes of administration and judicial review." " *New York v. Trump*, 133 F.4th 51, 65 (1st Cir. 2025) (citing *Nken*, 556 U.S. at 427).

The Court drafted the Preliminary Injunction narrowly, appropriately limited it to ensuring that only the statutory and constitutional violations in the Executive Order were remedied, and allowed for the discretion that is afforded to the Executive branch to carry out the laws passed by Congress. The Court also filed the injunction only after it allowed all parties to comment and to propose edits to its draft.[2] Now, the Defendants argue that the Preliminary Injunction must be immediately stayed, or irreparable harm will come to the Defendants.

1. *Likely to Succeed on the Merits*

The Court's conclusion that the Defendants' actions in carrying out the Executive Order violated the Administrative Procedure Act, was arbitrary and capricious, was ultra vires, and was an unconstitutional intrusion by the Executive branch into the prerogatives of the Legislature branch, was not a close call. It was supported by all the evidence in the record, and long-standing statutory, common, and constitutional law.

The Defendants' current complaints about the Preliminary Injunction are misplaced. They incorrectly argue that the Preliminary Injunction is far more sweeping in scope and effect than it is. Nothing in the Preliminary Injunction stops the Defendants from taking lawful steps to manage the three agencies going forward.

---

[2] The Court accepted all the Defendants' suggestions for ensuring that the injunction was narrowly drafted, to remedy only the statutory and constitutional violations it found.

3

As to staffing, the Preliminary Injunction "does not preclude the [] Defendants from making personnel decisions that are not related to or motivated by" the Reduction Executive Order.  ECF No. 60 at 3.  Defendants' objections to the scope of the Preliminary Injunction merely repackage their arguments against imposing any Preliminary Injunction.  The Order does not put the Defendants in "judicial receivership."  ECF No. 63 at 2.  Nor does it block, as Defendants now contend, "standard workforce decision-making discretion, resource allocation decision-making discretion, and discretion to issue administrative directives that the Agency Defendants, like all agencies, ought to retain." ECF No. 63 at 3.

The Preliminary Injunction finds that the Executive Order's directive to dismantle the three congressionally-mandated agencies was done without proper procedures and violated the separation of powers between the Executive and the Legislature.  The injunction explicitly states that it does not apply to "personnel decisions that are not related to or motivated by" the Reduction Executive Order, and the injunction expressly permits Defendants to "tak[e] actions that would improve Agency efficiency or reduce the size or scope of the Agenc[ies]," so long as they "provide[] a reasoned explanation for such action" and such "action will not prevent the Agenc[ies] . . . from fulfilling any of their statutory obligations." ECF No. 60 at 3. By its terms, the Preliminary Injunction also does not, as Defendants now contend,

affect funding actions based on "non-compliances with applicable grant or contract terms." *Id.* at 4.

The Defendants misstate and exaggerate the scope and effect of the Court's Order into their request for a stay, and thus fail in their burden of showing (let alone the required strong showing) of likelihood of success on the merits.

*2. Irreparably Harm*

Defendants assert irreparable harm by claiming that the Preliminary Injunction prevents them from spending taxpayer money in accordance with Congress's statutory mandate. ECF No. 63 at 5. But this Court found that the agencies "flout[ed] their statutory mandates" and—because of the actions challenged in this lawsuit—were left unable to expend the funds that Congress appropriated to them. ECF No. 57 at 32, 36-37. As a result, Defendants were "usurping Congress's: (1) power of the purse, by disregarding Congressional appropriations; and (2) vested legislative authority to create and abolish federal agencies." *Id.* at 40. The Preliminary Injunction aimed to narrowly undo just these these unlawful actions. The Defendants have "made no showing that dispersing congressionally appropriated funds for statutorily mandated purposes would cause irreparable harm in this case." *Cmty. Legal Servs. in E. Palo Alto v. United States Dep't of Health & Hum. Servs.*, No. 25-2808, 2025 WL 1393876, at *6 (9th Cir. May 14, 2025).

Moreover, the record before this Court is that the Defendants are complying with the Preliminary Injunction without any indication of irreparable harm. The Defendants filed a Status Report (ECF No. 64) setting forth the steps they have taken

5

to comply with the Preliminary Injunction. The Defendants appear to be complying with the Preliminary Injunction without any apparent harm–irreparable or otherwise. Conversely, the Court previously found that the irreparable harm that would occur to the Plaintiff States without the Preliminary Injunction would be vast. ECF No. 57 at 41-45. So, the irreparable harm that would occur would be the to the Plaintiff States if the Court were to grant the stay.

*3. Substantially Injury to the Other Parties and the Public Interest*

The final two factors do not support the Defendants' request for a stay. Defendants fail to show that the public interest or balance of the equities favor a stay. As this Court found, "there is 'generally no public interest in the perpetuation of unlawful agency action.'" ECF No. 57 at 46. As much as the Preliminary Injunction means the agencies will expend congressionally appropriated funds, this is not an injury but a constitutional and statutory requirement.

Because this Court's Order simply required the Defendants to follow Congressional mandated programs and funding, and because it was narrowly limited to only the statutory and constitutional violations; and because it allowed all parties

to comment and to propose edits to its draft, the Court DENIES the Motion for a Stay pending appeal. ECF No. 63.

IT IS SO ORDERED.

_____
John J. McConnell, Jr.
Chief Judge
United States District Court

June 5, 2025