IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| STATE OF RHODE ISLAND, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> DONALD J. TRUMP, in his official capacity as President of the United States, *et al*., <br><br> Defendants. | No. 25-cv-00128 |

**DEFENDANTS' MOTION FOR A STATUS CONFERENCE OR,
IN THE ALTERNATIVE, TO STRIKE PLAINTIFFS' STATEMENT
OF UNDISPUTED MATERIAL FACTS; AND MOTION TO HOLD IN
ABEYANCE DEFENDANTS' OBLIGATION TO RESPOND TO
PLAINTIFFS' STATEMENT OF UNDISPUTED MATERIAL FACTS**

Defendants respectfully ask that the Court schedule a status conference to address Plaintiffs' Statement of Undisputed Material Facts, ECF No. 76 ("Plaintiffs' Statement"), or, in the alternative, treat the instant submission as a motion to strike Plaintiffs' Statement.

Plaintiffs' Statement includes 1,288 paragraphs, extending over 295 pages. Defendants submit that, at that volume, Plaintiffs' Statement cannot comply with the requirement under the local civil rules that such a submission "*concisely* set[] forth all facts that the movant contends are undisputed and entitle the movant to judgment as a matter of law." LR Cv 56(a)(1) (emphasis added). Defendants have therefore sought a status conference in this matter to address whether the Plaintiffs' Statement complies with the local rules.

In another jurisdiction within the First Circuit, where the local rules require a "short and concise" statement of material facts, the district court found that a 71-page statement was "egregiously out of compliance with this requirement." *Gonzalez Tomasini v. United States*

- 1 -

*Postal Serv.*, No. CV 17-1552 (MEL), ECF No. 149 at 2 (D.P.R. Sept. 27, 2021). Plaintiffs' Statement in this case is over four times as long. And, while the local rules in Rhode Island do not expressly provide that a statement must be "short," they do require that a statement "concisely set[] forth all facts that the movant contends are undisputed and entitle the movant to judgment as a matter of law." LR Cv 56. The Oxford English Dictionary defines "concisely" as "in a concise manner," and "concise" as "[e]xpressed in few words; brief and comprehensive in statement; not diffuse." *See* Oxford English Dictionary Online, *available at* https://www.oed.com/dictionary/concise_adj?tab=meaning_and_use#8654410. Merriam-Webster's Dictionary defines "concise" as "marked by brevity of expression or statement: free from all elaboration and superfluous detail." Meriam-Webster, *available at* https://www.merriam-webster.com/dictionary/concise.[1] At over 295 pages, Plaintiffs' Statement is neither brief, nor free from superfluous detail, insofar as it includes significantly more detail than can be incorporated into their 57-page motion for summary judgment. *See* ECF No. 75. Indeed, most of those purported undisputed facts are merely re-statements of Plaintiffs' supporting declarations. *See, e.g.*, ECF No. 76 ¶ 123 ("Any pause in federal funding would harm the work of the PI's doctoral student, who is undertaking time-sensitive research and analysis of the CDAAA data collection as planned in the original grant application. The student is in the final year of their dissertation research and needs to spend the maximum number of hours writing and analyzing the data for their work. A loss of funding would require the student to undertake 20 hours of teaching work as part of their contract at the University of Maryland and

---

[1] The First Circuit has employed the Oxford English Dictionary and Meriam-Webster's to interpret statutory language. *See Penobscot Nation v. Frey*, 3 F.4th 484, 491–92 (1st Cir. 2021). While the Court in *Penobscot* also looked to Black's Law Dictionary, Defendants consulted Black's Law Dictionary and did not find an entry for "concise" therein.

could derail their degree progress and professional development." (citing ECF No. 3-17)); *id*. ¶ 807 ("The Hawai'i MBDA Business Center plans to continue its operations through the end of the current contract, and will be re-applying for continuing support under MBDA funding in the future." (citing ECF No. 3-10)); *id*. ¶ 1,272 ("Rhode Island does not have the reach or the resources to replace the research, coordination, and communication functions of USICH." (citing ECF No. 76-4)).

Moreover, Plaintiffs' action is, first and foremost, brought under the Administrative Procedure Act (APA). *See* Pls' Mot. for Summ. J., ECF No. 75, at 25–38 (presenting argument on the APA); *see also* Defs' Opp'n to Pls' Mot. for a TRO, ECF No. 41, at 28 –29, (explaining that Plaintiffs' Constitutional claims amount to restatements of their statutory, APA claims). In APA actions, "the focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court." *Seafreeze Shoreside, Inc. v. United States Dep't of the Interior*, 123 F.4th 1, 27 (1st Cir. 2024) (quoting *Town of Winthrop v. F.A.A.*, 535 F.3d 1, 14 (1st Cir. 2008) (quoting *Camp v. Pitts*, 411 U.S. 138, 142 (1973))). In this context, Plaintiffs' voluminous submission on the alleged undisputed material facts is largely superfluous.

If the Court declines to set the requested status conference, then Defendants respectfully ask, in the alternative, that the Court treat the instant submission as a Motion to Strike Plaintiffs' Statement for its failure to comply with LR Cv 56(a)(1). In *Gonzalez Tomasini*, the matter discussed above, the Court struck the overlength statement of facts for failure to comply, *inter alia*, with the local rule requiring that such a statement be short and concise. *See Gonzalez Tomasini*, No. CV 17-1552 (MEL), ECF No. 149 at 2; *cf. Yourga v. City of Northampton*, 474 F. Supp. 3d 408, 414 (D. Mass. 2020) (where a party filed a 205-paragraph statement of undisputed

material facts, observing that "in most cases, such a lengthy filing especially when, as here, many paragraphs detail actions that did not involve defendants, will not comply with Local Rule 56.1, which requires a 'concise statement of the material facts of record'"). The Court should do likewise here.

Additionally, irrespective of whether the Court orders a status conference or treats the instant submission as a motion to strike, Defendants respectfully ask that the Court hold in abeyance the deadline for their response to Plaintiffs' Statement until after the Court has adjudicated whether Plaintiffs' Statement complies with local rules. This would avoid the possibility that the substantial government resources necessary to address a statement over 295 pages in length are expended responding to a document that could subsequently be revised or stricken. Should the Court ultimately determine that Plaintiffs' Statement complies with the rules notwithstanding its length, Defendants respectfully request an additional four weeks in which to respond to Plaintiffs' Statement in light of its unusual volume.

Dated: September 9, 2025          Respectfully submitted,

                                  BRETT A. SHUMATE
                                  Assistant Attorney General

                                  ERIC J. HAMILTON
                                  Deputy Assistant Attorney General
                                  Civil Division, Federal Programs Branch

                                  JOSEPH E. BORSON
                                  Assistant Branch Director
                                  Federal Programs Branch


                                  */s/ Abigail Stout*
                                  ABIGAIL STOUT
                                  (DC Bar No. 90009415)
                                  *Counsel*

       U.S. Department of Justice
Civil Division
950 Pennsylvania Avenue, NW
Washington, DC 20530
Telephone: (202) 514-2000
Email: Abigail.Stout@usdoj.gov

 */s/ Julia A. Heiman*
JULIA A. HEIMAN (D.C. Bar No. 986228)
HEIDY L. GONZALEZ
Federal Programs Branch
U.S. Department of Justice, Civil Division
1100 L Street, N.W.
Washington, DC  20005
Tel. (202) 616-8480 / Fax (202) 616-8470
julia.heiman@usdoj.gov

*Attorneys for Defendants*