# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| STATE OF RHODE ISLAND; STATE OF NEW YORK; STATE OF HAWAI'I; STATE OF ARIZONA; STATE OF CALIFORNIA; STATE OF COLORADO; STATE OF CONNECTICUT; STATE OF DELAWARE; STATE OF ILLINOIS; STATE OF MAINE; STATE OF MARYLAND; COMMONWEALTH OF MASSACHUSETTS; PEOPLE OF THE STATE OF MICHIGAN; STATE OF MINNESOTA; STATE OF NEVADA; STATE OF NEW JERSEY; STATE OF NEW MEXICO; STATE OF OREGON; STATE OF VERMONT; STATE OF WASHINGTON; STATE OF WISCONSIN,<br><br>    Plaintiffs,<br><br>    v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States; INSTITUTE OF MUSEUM AND LIBRARY SERVICES; KEITH E. SONDERLING, in his official capacity as Acting Director of the Institute of Museum and Library Services; MINORITY BUSINESS AND DEVELOPMENT AGENCY; MADIHA D. LATIF, in her official capacity as Deputy Under Secretary of Commerce for Minority Business Development; HOWARD LUTNICK, in his official capacity as Secretary of Commerce; FEDERAL MEDIATION AND CONCILIATION SERVICE; GREGORY GOLDSTEIN, in his official capacity as Acting Director of the Federal Mediation and Conciliation Service; OFFICE OF MANAGEMENT AND BUDGET; RUSSELL T. VOUGHT, in his official capacity as Director of the Office of Management and Budget,<br><br>    Defendants. | Case No.: 1:25-cv-00128-JJM-AEM |

## PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO STRIKE PLAINTIFFS' STATEMENT OF UNDISPUTED FACTS AND FOR OTHER RELIEF

The Defendants' September 10, 2025, Motion, ECF No. 78, wrongly claims that Plaintiffs' Statement of Undisputed Facts, ECF No. 76 ("Statement"), submitted with Plaintiffs' Motion for Summary Judgment, ECF No. 75, violates this Court's Local Rules. The Defendants' Motion misinterprets Local Rule 56 and relies on precedent from other jurisdictions interpreting different Local Rules in distinguishable contexts. Here, this Court's Local Rule requires a Statement of Undisputed Facts to contain "*all facts* that the movant contends are undisputed and entitle the movant to judgment as a matter of law." LR Cv 56(a)(1) (emphasis added.). In this case, the length of Plaintiffs' Statement merely reflects the magnitude of Defendants' unlawful acts. The Plaintiffs, in compliance with the rules, have spent hours compiling a record evidencing the sweeping impact that Executive Order No. 14,238 and the effective shuttering of four federal agencies has had on the States. The Defendants must now admit these facts or else identify evidence on the record to dispute them. *See* LR Cv 56(a)(3). What the Defendants cannot do is evade the facts by complaining there are too many of them.

Local Rule 56(a) *required* Plaintiffs to submit a Statement of Undisputed Facts with their Motion for Summary Judgment. Under that rule, the Statement had to "concisely set[] forth all facts that the movant contends are undisputed and entitle the movant to judgment as a matter of law." LR Cv 56(a)(1) . In claiming the Statement is too long, Defendants misread the Local Rule's concision requirement as applying to the total number of facts as opposed to the statement of each fact. A plain reading of the rule requires each individual fact to be stated "concisely," but it imposes no cap on the total number of facts that can be included in the Statement. Concision does not require a party to omit anything of substance, but rather it requires one to "say[] everything that is

2

necessary without using any unnecessary words." *Collins English Dictionary*, s.v. "Concise," accessed Sept. 11, 2025, https://www.collinsdictionary.com/us/dictionary/english/concise. Here, Plaintiffs meet this requirement by setting out each fact clearly and succinctly. Likewise, the Oxford English Dictionary, which Defendants cite, defines "concisely" as "brief *and comprehensive* in statement," affirming that Local Rule 56(a)(1) requires the movant's Statement to encompass *all* of the undisputed facts while using succinct language to convey those facts. *Oxford English Dictionary Online*, s.v. "Concise," accessed Sept. 11, 2025, https://www.oed.com/dictionary/ concise_adj?tab=meaning_and_use #8654410; ECF No. 78, at 2.

Local Rule 56 does not limit the number of facts in the Statement, but instead, instructs movants to be comprehensive and include "*all* facts." LR Cv 56(a)(1) (emphasis added). Indeed, this Court may choose not to consider facts excluded from the Statement. Thus, barring Plaintiffs from including all facts on which they rely in moving for summary judgment would unduly prejudice Plaintiffs. *See, e.g., West v. Hoover*, No. 12-781 S, 2016 WL 126743, at *1 n.1 (D.R.I. Jan. 11, 2016), aff'd, 681 F. App'x 13 (1st Cir. 2017) (granting summary judgment to Defendants where court gave "no weight" to certain contentions raised by Plaintiff but not properly cited in his Statement of Undisputed Facts); *see also Stratton v. Bentley Univ.*, No. 19-CV-11499-DJC, 2021 WL 6098974, at *1 (D. Mass. Dec. 23, 2021), aff'd, 113 F.4th 25 (1st Cir. 2024) (refusing to consider a supplemental Statement of Fact that did not comply with the local rule). The Plaintiffs have chosen to avoid such peril by taking the safe path, putting in the work, and compiling the Statement now before the Court. All facts included in Plaintiffs' Statement of Undisputed Facts are undisputed, supported by citations to record evidence, and show why Plaintiffs are "entitle[d] …to judgment as a matter of law." LR Cv 56(a)(1).

3

The Defendants further misapply the Local Rule by superimposing on Rhode Island the local rules of another jurisdiction and inventing a "short" and "material" standard that is not part of this jurisdiction's rule. Here, Local Rule 56(a) requires the movant to "set[] forth *all* facts that the movant contends are *undisputed*" and that entitle them to summary judgment. The Plaintiffs have done so. The Defendants acknowledge that the District of Puerto Rico precedent on which they rely pertains to "another jurisdiction," "where the local rules require a 'short and concise' statement of material facts." ECF 78, at 1; *see also* Local Rules of the District of Puerto Rico, Rule 56(b) (requiring "a separate, short, and concise statement of material facts"). By contrast, this jurisdiction's Local Rule does not use the terms "short" or "material facts."

Even putting aside the distinctions in the local rules, the holdings in those cases do not help Defendants' cause. In *Yourga v. City of Northampton*, the U.S. District Court for the District of Massachusetts **accepted** the statement of facts, noting that despite its length, the party had "supported the facts alleged with citations to evidence that is either admissible in the form cited or could be made admissible through witness testimony." 474 F. Supp. 3d 408, 414 (D. Mass. 2020). And in *Gonzalez Tomasini v. United States Postal Serv.*, the U.S. District Court for the District of Puerto Rico was primarily concerned that the statement of facts included legal arguments, lacked citations to the evidence, and included numbered fact statements that were as long as three pages. No. CV 17-1552 (MEL), ECF No. 149 at 2 (D.P.R. Sept. 27, 2021). Indeed, *Gonzalez Tomasini* supports the Plaintiffs' position by demonstrating the importance of including a comprehensive statement of facts because the Court "has no duty to search or consider any part of the record not specifically referenced in the proposed uncontested statement of facts." *Id*. Moreover, both *Yourga*

4

and *Gonzalez Tomasini* were run-of-the-mill employment matters, nothing like the instant challenge by twenty-one States to the unconstitutional closure of four federal agencies.

The bottom line is that each fact included in Plaintiffs' Statement directly supports Plaintiffs' motion and request for relief. The Undisputed Facts demonstrate Plaintiffs' standing, including their reliance on the four agencies and the harm wrought by Defendants' illegal conduct in shutting down the agencies. The facts show how, because of Defendants' conduct, the agencies were no longer able to carry out their statutory functions or spend their appropriated sums, decimating the agency functions on which the States relied. The facts support not just Plaintiffs' APA claims, but also their various constitutional claims that are not based on the APA. And the facts show why the injunctive and declaratory relief Plaintiffs seek is necessary to remedy their harms. There is no question that Plaintiffs' Statement is longer than one filed in a typical case, but this case is not typical. It concerns the unconstitutional shuttering of four federal agencies and the resulting harm to twenty-one States. The Statement necessarily includes facts related to all four agencies and all twenty-one Plaintiff States. The scope of the Statement is commensurate to the scope of Defendants' illegal conduct, and to require Plaintiffs to remove any of the facts set forth in the Statement would be unduly prejudicial.

Finally, Defendants are not unfairly prejudiced where Plaintiffs have already done the work of compiling the facts and Defendants now need only rebut those statements that they dispute. Indeed, Defendants need not dispute any of these facts, and their response can be as short as they would like it to be. As Defendants acknowledge, the Statement largely reflects evidence that was initially submitted to the Court and shared with Defendants in April 2025, in support of Plaintiffs' Motion for preliminary relief. The Court was able to read and process the declarations attached to Plaintiffs' Motion on the expedited schedule that a Motion for Preliminary Injunction demands.

The Defendants have had over four months to review this evidence and to discern whether they dispute any of these proffered facts. During the preliminary injunction proceedings, Defendants notably did not dispute any of these facts and evidence. If Defendants now contend that they can proffer evidence to dispute these facts, then the Court and the Plaintiffs are entitled to know the particular facts in dispute and the rebutting evidence for each disputed fact. Conversely, if Defendants do not dispute these facts, then the Court and the Plaintiffs are entitled to know that as well. Indeed, the entire purpose of Local Rule 56 is to require parties to definitively establish—on the record before the Court—which facts, if any, are actually in dispute. The Defendants may not want to admit to these facts, but that is no reason to deny the Plaintiffs the opportunity to rely on them.

The Defendants request a status conference but do not explain why or how it would be an appropriate way to resolve the Motion to Strike that Plaintiffs have filed. Moreover, Defendants should not be able to obtain an abeyance of their September 12, 2025, deadline by filing a meritless motion. The Plaintiffs filed their Statement of Undisputed Facts on August 22, 2025, consistent with the deadlines negotiated and agreed to by the parties and approved by the Court on July 16, 2025. In bringing their Motion, Plaintiffs do not explain why it took them more than two weeks, and until four days before their Opposition was due, to suddenly decide that Plaintiffs' Statement did not comply with the Rules. To the extent Defendants claim the pendency of their motion and any accompanying uncertainty about the status of Plaintiffs' Statement hinders their ability to meet their deadline by the end of this week, that is a circumstance entirely of their own making.

Similarly, Defendants do not explain why they should be granted a four-week extension of their deadline. At a July 10, 2025, status conference with this Court, Plaintiffs' counsel explained that Plaintiffs intended to move for summary judgment on an expedited basis and that the parties

6

had agreed to a schedule, which this Court entered. *See* July 10, 2025, Text Order. Notably, those agreed-upon deadlines reflected Defendants' request for additional time beyond the schedule initially proposed by Plaintiffs, and Plaintiffs agreed to Defendants' requested deadlines. Relying on those deadlines, Plaintiffs filed their Motion on August 22, 2025. The Defendants have been aware of the scope of the record in this case since the briefing and argument on Plaintiffs' request for preliminary relief in April 2025, and as Defendants freely admit, ECF No. 78 at 2-3, Plaintiffs' Statement is mostly based on the same evidence and facts. The Defendants now request a massive extension of time—more than twice the time allotted to Plaintiffs to file for summary judgment after the submission of the administrative record, and more than twice the time allotted to Defendants in the scheduling stipulation—without identifying any major development or other reason to warrant such an extension. Granting that extension without any just cause would materially prejudice Plaintiffs, who relied on the stipulated scheduling order.

Moreover, as explained at the July 10, 2025, Status Conference, Plaintiffs refrained from filing a preliminary injunction motion regarding the dismantling of USICH — which was included in the Amended Complaint but not subject to the original preliminary injunction order — on the understanding that summary judgment proceedings would be expedited. The Plaintiffs remain concerned that Defendants intend to decimate USICH with massive reductions in force ("RIFs") by late September 2025, a concern Plaintiffs shared with this Court at the July 10, 2025, Status Conference, leaving no time for Defendants to delay proceedings at this late date without material prejudice to Plaintiffs. Thus, before any extension is granted, Defendants should be required to stay any planned RIFs or actions impacting USICH.

For all of the above reasons, Plaintiffs respectfully request that the Court deny Defendants' motion. Plaintiffs would be open to consenting to a reasonable extension of time for Defendants'

7

summary judgment submission, but only if the remainder of the scheduling order was adjusted accordingly and Defendants agreed to stay any actions implementing the Executive Order as to USICH, including RIFs, until the resolution of Plaintiffs' Motion for Summary Judgment.

| | |
|---|---|
| Dated: September 11, 2025 | Respectfully submitted, |
| **PETER F. NERONHA**<br>Attorney General for the State of Rhode Island | **LETITIA JAMES**<br>Attorney General for the State of New York |
| */s/ Natalya A. Buckler*<br>Kathryn M. Sabatini (RI Bar No. 8486)<br>Chief, Civil Division<br>Special Assistant Attorney General<br>Katherine Connolly Sadeck (RI Bar No. 8637)<br>Solicitor General<br>Assistant Attorney General<br>Natalya A. Buckler (RI Bar No. 8415)<br>Assistant Attorney General<br>Paul Meosky (RI Bar No. 10742)<br>Special Assistant Attorney General<br>150 South Main Street<br>Providence, RI 02903<br>Phone: (401) 274-4400<br>Fax: (401) 222-2995<br>ksabatini@riag.ri.gov<br>ksadeck@riag.ri.gov<br>nbuckler@riag.ri.gov<br>pmeosky@riag.ri.gov<br>*Attorneys for the State of Rhode Island* | By: */s/ Abigail Katowitz-Liu*<br>Abigail Katowitz-Liu<br>Assistant Attorney General<br>Rabia Muqaddam<br>Special Counsel for Federal Initiatives<br>Sean Bunny<br>Assistant Attorney General<br>28 Liberty St.<br>New York, NY 10005<br>(212) 416-8922<br>Abigail.katowitz-liu@ag.ny.gov<br>Rabia.muqaddam@ag.ny.gov<br>Sean.bunny@ag.ny.gov<br>*Attorneys for the State of New York*<br><br>**ANNE E. LOPEZ**<br>Attorney General for the State of Hawaiʻi<br><br>By: */s/ Kalikoʻonālani D. Fernandes*<br>David D. Day<br>Special Assistant to the Attorney General<br>Kalikoʻonālani D. Fernandes<br>Solicitor General<br>425 Queen Street<br>Honolulu, HI 96813<br>(808) 586-1360<br>kaliko.d.fernandes@hawaii.gov |

**KRISTIN K. MAYES**
Attorney General
State of Arizona

*/s/ Syreeta A. Tyrell*
Syreeta A. Tyrell
Assistant Attorney General
2005 North Central Avenue
Phoenix, Arizona 85004
Phone: (602) 542-3333
Syreeta.Tyrell@azag.gov
ACL@azag.gov
*Attorneys for the State of Arizona*

**ROB BONTA**
ATTORNEY GENERAL OF CALIFORNIA

*/s/ Jay C. Russell*
Jay C. Russell
Deputy Attorney General
Thomas S. Patterson
Senior Assistant Attorney General
Zelda Vassar
Deputy Attorney General
California Attorney General's Office
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102
(415) 510-3617
Jay.Russell@doj.ca.gov
Zelda.Vassar@doj.ca.gov
*Counsel for the State of California*

**PHILIP J. WEISER**
Attorney General of Colorado

By: */s/ David Moskowitz*
David Moskowitz
*Deputy Solicitor General*
1300 Broadway, #10
Denver, CO 80203
(720) 508-6000new
David.Moskowitz@coag.gov

**WILLIAM TONG**
Attorney General
State of Connecticut

*/s/ Ashley Meskill*
Ashley Meskill
Assistant Attorney General
165 Capitol Avenue
Hartford, CT 06106
Phone: (860) 808 5270
Ashley.Meskill@ct.gov

**KATHLEEN JENNINGS**
Attorney General of the State of Delaware

By: */s/ Vanessa L. Kassab*
IAN R. LISTON
Director of Impact Litigation
VANESSA L. KASSAB
Deputy Attorney General
Delaware Department of Justice
820 N. French Street
Wilmington, DE 19801
(302) 683-8899
vanessa.kassab@delaware.gov

**KWAME RAOUL**
Attorney General of Illinois

*/s/ Holly F.B. Berlin*
HOLLY F.B. BERLIN
Assistant Attorney General
Office of the Illinois Attorney General
115 S. LaSalle St.
Chicago, IL 60603
(312) 814-3000
holly.berlin@ilag.gov
Counsel for the State of Illinois

**AARON M. FREY**
Attorney General for
the State of Maine

/s/ *Vivian A. Mikhail*
Vivian A. Mikhail
Deputy Attorney General
Office of the Attorney General
6 State House Station
Augusta, ME  04333-0006
Tel.:  207-626-8800
Fax:  207-287-3145
Vivian.Mikhail@maine.gov

**ANTHONY G. BROWN**
Attorney General for the State of Maryland

By: /s/ *Keith M. Jamieson*
Keith M. Jamieson
Assistant Attorney General
200 Saint Paul Place, 20th Floor
Baltimore, Maryland  21202
(410) 576-6960
kjamieson@oag.state.md.us
*Attorneys for the State of Maryland*

**ANDREA JOY CAMPBELL**
Attorney General of Massachusetts

/s/ *Katherine Dirks*
Katherine Dirks
*Chief State Trial Counsel*
Office of the Attorney General
One Ashburton Place, 20th Floor
Boston, MA 02108
(617) 963-2277
katherine.dirks@mass.gov
*Attorney for the State of Massachusetts*

**DANA NESSEL**
Attorney General for the People of Michigan

/s/ *Neil Giovanatti*
Neil Giovanatti
BreAnna Listermann
*Assistant Attorneys General*
Michigan Department of Attorney General
525 W. Ottawa
Lansing, MI 48909
(517) 335-7603
GiovanattiN@michigan.gov
ListermannB@michigan.gov

**KEITH ELLISON**
Attorney General for the State of Minnesota

By: /s/ *Jacob Harris*
Jacob Harris
Assistant Attorney General
445 Minnesota Street, Suite 600
St. Paul, Minnesota, 55101
(651) 757-1156
Jacob.Harris@ag.state.mn.us

**AARON D. FORD**
Attorney General of Nevada

By: /s/ *Heidi Parry Stern*
Heidi Parry Stern (Bar. No. 8873)
Solicitor General
Office of the Nevada Attorney General
1 State of Nevada Way, Ste. 100
Las Vegas, NV 89119
HStern@ag.nv.gov

| | |
|---|---|
| **MATTHEW J. PLATKIN**<br>Attorney General of New Jersey<br><br>/s/ *Joshua Bohn*<br>Joshua Bohn<br>  *Deputy Attorney General*<br>Office of the Attorney General<br>25 Market Street<br>Trenton, NJ 08625<br>(609) 696-5366<br>Joshua.Bohn@law.njoag.gov<br>*Counsel for the State of New Jersey*<br><br>**RAÚL TORREZ**<br>Attorney General of New Mexico<br><br>/s/ *Anjana Samant*<br>Anjana Samant<br>Deputy Counsel for Impact Litigation<br>New Mexico Department of Justice<br>P.O. Drawer 1508<br>Santa Fe, NM 87504-1508<br>(505) 490-4060<br>asamant@nmdoj.gov<br>Attorney for Plaintiff State of New Mexico<br><br>**DAN RAYFIELD**<br>Attorney General for the State of Oregon<br><br>/s/ *Brian Simmonds Marshall*<br>Brian Simmonds Marshall<br>*Senior Assistant Attorney General*<br>100 SW Market Street<br>Portland, OR 97201<br>(971) 673-1880<br>brian.s.marshall@doj.oregon.gov<br>*Attorneys for the State of Oregon* | **CHARITY R. CLARK**<br>Attorney General for the State of Vermont<br><br>By: /s/ *Ryan P. Kane*<br>Ryan P. Kane<br>Deputy Solicitor General<br>109 State Street<br>Montpelier, VT 05609<br>(802) 828-2153<br>Ryan.kane@vermont.gov<br><br>**NICHOLAS W. BROWN**<br>Attorney General for the State of Washington<br><br>/s/ *Kate S. Worthington*<br>Kate S. Worthington, WSBA #47556<br>Sarah E. Smith-Levy, WSBA #55770<br>Assistant Attorneys General<br>7141 Cleanwater Drive SW<br>P.O. Box 40111<br>Olympia, WA 98504-0111<br>(306) 709-6470<br>kate.worthington@atg.wa.gov<br>sarah.e.smith-levy@atg.wa.gov<br>Attorneys for Plaintiff State of Washington<br><br>**JOSHUA L. KAUL**<br>Attorney General for the State of Wisconsin<br><br>/s/ *Colin T. Roth*<br>COLIN T. ROTH<br>Assistant Attorney General<br>WI State Bar #1103985<br>Wisconsin Department of Justice<br>Post Office Box 7857<br>Madison, Wisconsin 53707-7857<br>(608) 266-7636<br>rothct1@doj.state.wi.us<br>Attorney for Plaintiff State of Wisconsin |

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that I filed the within via the ECF filing system and that a copy is available for viewing and downloading. I also caused a copy to be sent via the ECF System to counsel of record on this 11th day of September, 2025.

<i>/s/ Paul T.J. Meosky</i>