IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| STATE OF RHODE ISLAND, *et al.*,<br><br>        Plaintiffs,<br><br>    v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, *et al*.,<br><br>        Defendants. | No. 25-cv-00128 |

**<u>DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT</u>**

      Defendants maintain that Plaintiffs' Statement of Facts, extending 1,288 paragraphs and over 295 pages, does not comply with the Local Rules' requirement that such a submission "concisely set[] forth all facts that the movant contends are undisputed and entitle the movant to judgment as a matter of law." LR Cv 56(a)(1); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (explaining that a fact is "material" only if it "might affect the outcome of the suit under the governing law").  Plaintiffs' voluminous submission is particularly inappropriate in an action brought, primarily, under the Administrative Procedure Act (APA) where "the focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court." *Seafreeze Shoreside, Inc. v. United States Dep't of the Interior*, 123 F.4th 1, 27 (1st Cir. 2024) (quoting *Town of Winthrop v. F.A.A.*, 535 F.3d 1, 14 (1st Cir. 2008) (quoting *Camp v. Pitts*, 411 U.S. 138, 142 (1973))).

      The majority of the facts in Plaintiffs' Statement were not cited in Plaintiffs' Motion and are thus not relevant or material to the resolution of the issues in this case.  *See* Fed. R. Civ. P. 56 ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any *material* fact and the movant is entitled to judgment as a matter of law." (emphasis

added)).  Defendants object to the following facts as immaterial and irrelevant: Plaintiffs' Statement ¶¶ 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 19, 20, 21, 22, 23, 24, 25, 30, 32, 36, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 114, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 125, 126, 127, 128, 129, 130, 131, 132, 133, 134, 135, 136, 137, 138, 139, 140, 141, 142, 143, 144, 145, 146, 147, 148, 149, 150, 151, 152, 153, 154, 155, 156, 157, 158, 159, 160, 161, 162, 163, 164, 190, 191, 192, 193, 194, 195, 196, 197, 198, 199, 200, 201, 202, 203, 204, 205, 206, 207, 208, 209, 210, 212, 213, 214, 215, 216, 217, 218, 219, 220, 221, 222, 223, 224, 225, 226, 227, 228, 229, 230, 231, 232, 233, 234, 235, 236, 243, 244, 245, 246, 247, 248, 249, 250, 251, 252, 253, 254, 255, 256, 257, 258, 259, 260, 261, 262, 263, 264, 265, 266, 267, 268, 269, 270, 271, 272, 273, 274, 275, 276, 277, 278, 279, 280, 281, 282, 283, 284, 285, 286, 287, 288, 289, 290, 291, 292, 293, 294, 295, 296, 297, 298, 300, 301, 303, 304, 305, 306, 307, 308, 309, 310, 311, 312, 313, 314, 315, 316, 317, 318, 319, 320, 321, 322, 323, 324, 325, 326, 327, 328, 329, 330, 331, 332, 333, 334, 335, 336, 337, 338, 339, 341, 342, 343, 344, 345, 346, 347, 348, 349, 350, 351, 352, 353, 354, 355, 356, 357, 358, 359, 362, 363, 367, 369, 370, 371, 372, 373, 374, 375, 376, 377, 378, 379, 380, 381, 382, 386, 387, 388, 389, 390, 391, 392, 400, 401, 402, 403, 404, 405, 406, 407, 408, 409, 410, 411, 412, 413, 414, 415, 416, 417, 418, 419, 422, 423, 424, 425, 426, 428, 429, 430, 431, 432, 433, 435, 436, 437, 438, 439, 440, 441, 442, 443, 444, 445, 446, 447, 465, 466, 467, 468, 469, 471, 472, 473, 474, 475, 476, 477, 478, 480, 481, 482, 483, 484, 485, 486, 487, 488, 489, 490, 491, 493, 494, 495, 496, 497, 498, 499, 500, 501, 502, 503, 504, 505, 506, 507, 508, 510, 512, 513, 514, 515, 516, 517, 518, 519, 520, 521, 522, 523, 524, 525, 527, 528, 529, 530, 531, 532, 533, 534, 535, 536, 537, 538, 539, 540, 541, 542, 543, 544, 545, 546, 547, 548, 549, 550, 551, 552, 553, 554, 555, 556, 557, 558, 559, 560, 561, 562, 563, 564, 565, 566, 567, 568, 569, 570, 571, 572, 573, 574, 575, 577, 578, 579, 580, 581, 585, 586, 587, 588, 589, 590, 591, 592, 593, 594, 595, 596, 597, 598, 599, 600, 601, 602, 603, 604, 605, 606, 607, 608, 610, 611, 612, 613, 614, 615, 616, 617, 618, 619, 620, 621, 622, 623, 624, 625, 626, 627, 628, 629, 630, 631, 632, 633, 634, 635, 636, 637, 638, 639, 640, 641, 642, 643, 644,

645, 646, 647, 648, 649, 650, 651, 652, 653, 655, 657, 659, 660, 661, 662, 665, 666, 667, 668, 669, 670, 671, 672, 673, 675, 676, 677, 678, 679, 680, 681, 682, 683, 684, 685, 686, 687, 688, 689, 690, 691, 692, 693, 694, 695, 696, 697, 698, 699, 700, 701, 702, 703, 704, 705, 706, 707, 708, 709, 710, 711, 712, 713, 714, 715, 716, 717, 718, 719, 720, 722, 723, 724, 725, 726, 727, 728, 729, 730, 731, 732, 733, 734, 735, 736, 737, 738, 739, 740, 741, 742, 743, 745, 746, 747, 768, 769, 772, 773, 774, 775, 776, 777, 784, 785, 786, 787, 788, 789, 790, 791, 792, 794, 795, 796, 797, 798, 799, 807, 810, 813, 814, 815, 816, 817, 818, 819, 820, 821, 822, 823, 824, 825, 828, 829, 830, 831, 832, 833, 844, 845, 846, 848, 849, 851, 852, 853, 856, 857, 859, 860, 864, 866, 867, 868, 869, 870, 874, 875, 877, 882, 883, 884, 885, 886, 887, 888, 889, 890, 891, 892, 893, 894, 895, 897, 898, 899, 900, 901, 902, 903, 904, 905, 906, 907, 908, 909, 910, 911, 912, 913, 914, 915, 916, 917, 918, 919, 920, 921, 922, 924, 925, 926, 927, 928, 929, 930, 931, 932, 933, 934, 935, 936, 937, 938, 939, 956, 978, 979, 990, 991, 992, 993, 994, 997, 998, 999, 1000, 1001, 1002, 1003, 1004, 1005, 1006, 1008, 1009, 1010, 1011, 1012, 1014, 1015, 1016, 1018, 1019, 1020, 1021, 1022, 1023, 1026, 1027, 1029, 1030, 1031, 1032, 1033, 1034, 1035, 1036, 1037, 1038, 1039, 1040, 1041, 1042, 1043, 1044, 1045, 1046, 1047, 1051, 1052, 1053, 1054, 1055, 1056, 1060, 1061, 1062, 1063, 1064, 1065, 1066, 1067, 1068, 1069, 1070, 1071, 1072, 1073, 1074, 1075, 1077, 1078, 1079, 1080, 1081, 1082, 1083, 1084, 1085, 1086, 1091, 1092, 1093, 1095, 1096, 1097, 1098, 1099, 1100, 1101, 1106, 1107, 1108, 1109, 1110, 1111, 1112, 1113, 1114, 1115, 1116, 1117, 1120, 1122, 1130, 1131, 1132, 1133, 1173, 1174, 1175, 1176, 1177, 1178, 1179, 1186, 1187, 1188, 1191, 1192, 1195, 1196, 1197, 1198, 1200, 1201, 1202, 1203, 1204, 1207, 1231, 1240, 1242, 1243, 1244, 1269, 1271, 1272, 1273, and 1281.

Defendants also object to those facts that constitute opinions or legal conclusions. Defendants object to this category of facts as immaterial and not properly presented in a statement of facts in support of summary judgment: Plaintiffs' Statement ¶¶ 59, 61, 62, 73, 74, 104, 106, 107, 108, 109, 110, 111, 112, 113, 165, 166, 167, 168, 172, 173, 174, 175, 176, 177, 178, 179, 180, 181, 182, 183, 184, 185, 186, 187, 188, 189, 211, 238, 239, 240, 241, 242, 299, 302, 340, 360, 361, 364, 365, 366, 368, 384, 393, 394, 395, 396, 397, 398, 399, 420, 421, 427,

3

434, 450, 451, 452, 453, 454, 455, 456, 457, 458, 459, 460, 461, 462, 463, 464, 470, 479, 492, 526, 576, 582, 583, 584, 609, 654, 658, 674, 754, 778, 782, 783, 793, 800, 802, 803, 806, 808, 809, 812, 826, 827, 834, 835, 836, 837, 839, 840, 841, 847, 850, 854, 855, 858, 861, 862, 863, 865, 872, 873, 876, 878, 879, 880, 881, 896, 940, 941, 942, 943, 944, 945, 946, 953, 958, 959, 977, 980, 981, 982, 983, 986, 987, 1007, 1013, 1017, 1024, 1025, 1028, 1048, 1049, 1050, 1058, 1059, 1076, 1087, 1088, 1089, 1090, 1094, 1102, 1103, 1104, 1105, 1118, 1119, 1121, 1123, 1124, 1125, 1126, 1127, 1131, 1134, 1135, 1136, 1137, 1138, 1139, 1140, 1141, 1142, 1143, 1144, 1145, 1146, 1147, 1148, 1149, 1150, 1151, 1152, 1153, 1154, 1155, 1156, 1157, 1158, 1159, 1160, 1161, 1164, 1165, 1167, 1168, 1169, 1170, 1172, 1181, 1182, 1183, 1185, 1238, 1239, 1241, 1245, 1246, 1247, 1248, 1249, 1252, 1255, 1256, 1257, 1258, 1259, 1260, 1261, 1262, 1263, 1264, 1265, 1266, 1267, 1268, 1270, 1274, 1275, 1276, 1277, 1278, 1279, 1280, 1282, 1283, 1284, 1285, 1286, 1287, and 1288.

Defendants further object that the following alleged facts are not supported by the material cited by Plaintiffs. As to these alleged facts, the evidence cited by Plaintiffs is the evidence that forms the basis of Defendants' dispute: Plaintiffs' Statement ¶¶ 17, 27, and 448.

For purposes of summary judgment and because material beyond the scope of the administrative record is inappropriate in an APA case, Defendants do not offer affirmative evidence related to the final category of facts, and therefore, do not dispute them for purposes of the parties' respective summary judgment motions. *See* LR Cv 56(a)(2) ("An objecting party that is contesting the movant's Statement of Undisputed Facts shall . . . identify the evidence establishing the dispute."). The following facts are undisputed for purposes of the parties' respective summary judgment motions: Plaintiffs' Statement ¶¶ 18, 26, 28, 29, 31, 33, 34, 35, 37, 54, 55, 56, 57, 58, 60, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 105, 169, 170, 171, 237, 383, 385, 449, 509, 511, 656, 663, 664, 721, 744, 749, 750, 752, 753, 755, 756, 758, 763, 764, 765, 770, 771, 779, 780, 781, 801, 804, 838, 842, 871, 947, 948, 949, 950, 951, 952, 954, 955, 957, 960, 961, 962, 963, 964, 965, 966, 967, 968, 969, 970, 971, 972, 973, 974, 975, 976, 984, 985, 988, 989, 995, 996, 1129, 1057, 1128, 1162, 1163, 1166,

1171, 1180, 1184, 1189, 1190, 1193, 1194, 1199, 1205, 1206, 1208, 1209, 1210, 1211, 1212, 1213, 1214, 1215, 1216, 1217, 1218, 1219, 1220, 1221, 1222, 1223, 1224, 1225, 1226, 1227, 1228, 1229, 1230, 1232, 1233, 1234, 1235, 1236, 1237, 1250, 1251, 1253, and 1254.  Defendants non-disputing of a fact in this context is not a concession or admission of the validity of that fact in this or any other context.

The following facts are disputed: Plaintiffs' Statement ¶¶ 748, 751, 757, 759, 760, 761, 762, 766, 767, 805, 811, 843, and 923.  Pursuant to Local Rule 56, Defendants submit the following as their Statement of Disputed Facts:

**Plaintiffs' Statement of Fact ¶ 748:** The MBDA Office of Business Centers is administered by a Director, id. § 9502(d)(2), and is required to have "a regional office . . . for each of the regions of the United States," id. § 9502(e)(2)(A). 15 U.S.C. §§ 9502(d)(2), 9502(e)(2)(A).

**Defendants' Response:**  This statement inaccurately quotes the statute.  It is MBDA (not the Office of Business Centers) that must have regional offices.  See 15 USC 9502(e)(2)(A).

**Plaintiffs' Statement of Fact ¶ 751:** MBDA also funds a number of specialty centers. As of 2024, it funded twenty-one MBDA Rural Business Centers, which focus on assisting minority business enterprises in rural areas; four MBDA Advanced Manufacturing Centers, which aim to help manufacturers or domestic products; four MBDA Export Centers, which are dedicated to expanding access to global markets; and a Federal Procurement Center, which is designed to increase federal procurement and acquisition opportunities for minority business enterprises. U.S. Dep't of Commerce, MBDA, Fiscal Year 2025 Congressional Justification 16–19 (2024), https://www.commerce.gov/sites/default/files/2024-03/MBDA-FY2025- Congressional-Budget-Submission.pdf.

**Defendants' Response:** This statement is inaccurate in part, and mischaracterizes the facts in part.  In Fiscal Year 2023, MBDA offered supplements to existing Business Centers to provide additional rural services; these are not separate rural business centers or specialty centers.  According to the budget submission document cited by Plaintiffs, the number of funded MBDA Rural Business Centers is 19.  U.S. Dep't of Commerce, MBDA, Fiscal Year 2025

Congressional Justification 16–19 (2024), https://www.commerce.gov/sites/default/files/2024-03/MBDA-FY2025- Congressional-Budget-Submission.pdf.

**Plaintiffs' Statement of Fact ¶757:** Following the issuance of the Reduction EO, the MBDA placed all but three employees on paid administrative leave. The only employees who were not placed on administrative leave were the Deputy Under Secretary of Commerce for Minority Business Development, the Chief Operating Officer, and the Chief of the Office of Legislative, Education, and Intergovernmental Affairs. Since that date, two additional employes have also begun working at the agency. ECF 3-41 – Doe Dec., ¶ 5.

**Defendants' Response:** Inaccurate, as well as argument, rather than a statement of fact. MBDA refrained from placing no fewer than four employees on paid administrative leave following the issuance of Executive Order 14,238.  *See* Declaration of Kelly Mitchell, October 10, 2025, ¶ 8.

**Plaintiffs' Statement of Fact ¶ 759:** The remaining five employees working at the MBDA at that time would not be capable of carrying out the MBDA's statutorily mandated functions, administering its existing programs, or spending its appropriated funds. ECF 3-41 – Doe Dec., ¶ 7.

**Defendants' Response:** Inaccurate, as well as argument, rather than a statement of fact.  The remaining employees working at MBDA would be capable of carrying out MBDA's statutorily mandated functions, administering its existing programs, and spending its appropriated funds. *See* ECF 63-2, Declaration of Kelly Mitchell, ¶ 4.

**Plaintiffs' Statement of Fact ¶ 760:** As of April 2025, MBDA administered a portfolio of more than 100 grants. All grants to minority business centers and specialty business centers were scheduled to terminate on June 30. All grants to specialty colleges and universities were scheduled to terminate on August 30. ECF 3-41 – Doe Dec., ¶ 8.

**Defendants' Response:** Inaccurate. Grants to minority business centers, specialty business centers, specialty colleges and universities, had various overall period of performance (POP) dates pursuant to their respective individual agreements.  *See* Declaration of Kelly Mitchell,

October 10, 2025, ¶ 3.

**Plaintiffs' Statement of Fact ¶ 761:** An employee at MBDA ("Doe"), testifying anonymously, stated that it is not possible for five employees to monitor the existing portfolio of grants for waste, fraud, and abuse, or to ensure that they are being used for authorized purposes consistent with the grant award. Administration of these grants requires consistent contact with grantees to monitor and evaluate grantee performance, train, conduct site-visits, and to ensure compliance with the terms and conditions governing the grants. ECF 3-41 – Doe Dec., ¶ 9.

**Defendants' Response:** Inaccurate, as well as argument, rather than a statement of fact. MBDA retained sufficient staff to fulfill its statutorily-mandated duties, including the operation of the Business Center Program and the maintenance of the Information Clearinghouse required under 15 U.S.C. §9513(b). *See* ECF 63-2, Declaration of Kelly Mitchell, ¶ 4.

**Plaintiffs' Statement of Fact ¶ 762:** Doe testified that it will be particularly difficult for five employees to adequately monitor existing grants because the MBDA allowed its contract with Salesforce to expire. Salesforce is the performance-management platform that MBDA previously used to track grantee performance and monitor how grant funds were being used. Doe further testified that without this platform it will be extremely challenging for MBDA to monitor grantee performance, especially with a skeleton staff. ECF 3-41 – Doe Dec., ¶ 10.

**Defendants' Response:** Inaccurate in part, as well as argument, rather than a statement of fact. Plaintiffs argue that "without this platform it will be extremely challenging for MBDA to monitor grantee performance, especially with a skeleton staff." MBDA uses an internal tracking mechanism to monitor grantee performance. *See* Declaration of Kelly Mitchell, October 10, 2025, ¶ 4.

**Plaintiffs' Statement of Fact ¶ 766:** Although the Administration has nominally left a skeleton staff in place at the MBDA, the Administration has effectively closed the Minority Business Development Agency. ECF 3-41 – Doe Dec., ¶ 14.

**Defendants' Response:** Inaccurate, as well as argument, rather than a statement of fact. MBDA retained sufficient staff to fulfill its statutorily-mandated duties. *See* ECF 63-2, Declaration of

7

Kelly Mitchell, ¶ 4.

**Plaintiffs' Statement of Fact ¶ 767:** The agency is no longer fulfilling its statutorily mandated functions or spending all of the funds appropriated by Congress. ECF 3-41 – Doe Dec., ¶ 14.

**Defendants' Response:** Inaccurate, as well as argument, rather than a statement of fact. MBDA retained sufficient staff to fulfill its statutorily-mandated duties. *See* ECF 63-2, Declaration of Kelly Mitchell, ¶ 4.

**Plaintiffs' Statement of Fact ¶ 805:** In 2021, the University of Hawai'i received MB21OBD8050204 in the amount of $2,050,000 to provide technical assistance and business development services to business enterprises in Hawai'i. ECF 3-10 – Deane Dec., ¶ 13.

**Defendants' Response:** Inaccurate. This award was a multi-year award, with funding obligated incrementally. The award the University of Hawai'i received in Fiscal Year 2021 was $410,000, not $2.05 million. *See* Declaration of Kelly Mitchell, October 10, 2025, ¶ 5.

**Plaintiffs' Statement of Fact ¶ 811:** In the next fiscal year, Hawai'i is scheduled to receive disbursements/reimbursements of $410,000 under its current awards. ECF 3-10 – Deane Dec., ¶ 19.

**Defendants' Response:** Inaccurate. This award was a multi-year award, so any subsequent obligations of funds are at MBDA's sole discretion; the University of Hawai'i has no entitlement to a specific amount. *See* Declaration of Kelly Mitchell, October 10, 2025, ¶ 5.

**Plaintiffs' Statement of Fact ¶ 843:** In 2021 MOSMBA&D received a five year MBDA grant to operate the Advanced Manufacturing Center through June 30, 2026, in the amount of two million dollars ($2,000,000) across the five year period, for four hundred thousand dollars ($400,000) per year to provide business clients with organization and financial management, business development, strategic planning, procurement, exporting, and technology adoption. ECF 3-12 – Lundy Dec., ¶ 13.

**Defendants' Response:** Inaccurate. This was a multi-year award, so while the recipient may have anticipated receiving a total of $2 million across the entire project period, the recipient was only entitled to the amounts MBDA obligated. *See* Declaration of Kelly Mitchell, October 10,

2025, ¶ 6.

**Plaintiffs' Statement of Fact ¶ 923:** In 2022, the AZHCC Foundation was awarded the Capital Readiness Program ("CRP") grant, in the amount of $3,000,000 for over four years. The grant was awarded from the U.S. Department of Treasury to the AZHCC Foundation and administered through the MBDA. ECF 3-2 – Villalobos Dec., ¶ 14.

**Defendants' Response:** Inaccurate as to Plaintiffs' statement that, "The grant was awarded from the U.S. Department of Treasury to the AZHCC Foundation and administered through the MBDA." The Department of Treasury transferred money to MBDA through a non-expenditure funds transfer so that MBDA could provide technical assistance. MBDA established the CRP program and made all awards using money that it received from the Department of Treasury prior to the publication of the CRP Notice of Funding Opportunity ("NOFO"). The grant itself was awarded from MBDA. *See* Declaration of Kelly Mitchell, October 10, 2025, ¶ 7.

Dated: October 10, 2025 

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ERIC J. HAMILTON
Deputy Assistant Attorney General
Civil Division, Federal Programs Branch

JOSEPH E. BORSON
Assistant Branch Director
Federal Programs Branch

/s/ *Abigail Stout*
ABIGAIL STOUT
(DC Bar No. 90009415)
*Counsel*
U.S. Department of Justice
Civil Division
950 Pennsylvania Avenue, NW

9

Washington, DC 20530
Telephone: (202) 514-2000
Email: Abigail.Stout@usdoj.gov

*/s/ Heidy L. Gonzalez*
JULIA A. HEIMAN (D.C. Bar No. 986228)
HEIDY L. GONZALEZ (FL Bar No. 1025003)
Federal Programs Branch
U.S. Department of Justice, Civil Division
1100 L Street, N.W.
Washington, DC  20005
Tel. (202) 598-7409
heidy.gonzalez@usdoj.gov

*Attorneys for Defendants*