**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

---

STATE OF RHODE ISLAND, *et al.*,

                 Plaintiffs,

      v.

DONALD J. TRUMP, in his official
capacity as President of the United States,
*et al.*,

                 Defendants.

No. 25-cv-00128

---

**DEFENDANTS' MOTION FOR PARTIAL**
**RECONSIDERATION OF THE COURT'S SEPTEMBER 12, 2025, ORDER**

Defendants respectfully ask that the Court reconsider and vacate its September 12, 2025, Text Order, insofar as that Order stayed "[a]ny actions implementing the Executive Order as to USICH, including RIFs . . . until the resolution of Plaintiffs' Motion for Summary Judgment." Reconsideration is appropriate because the Court functionally entered *sua sponte* a preliminary injunction as to USICH without Plaintiffs having moved for such relief and without the Court having applied the relevant Rule 65 factors.

### APPLICABLE STANDARDS

This Court possesses "the inherent power . . . to afford such relief from interlocutory judgments . . . as justice requires." *Greene v. Union Mut. Life Ins. Co. of Am.*, 764 F.2d 19, 22 (1st Cir. 1985); *see also United States v. Siciliano*, 578 F.3d 61, 72 (1st Cir. 2009) ("When faced with a motion for reconsideration, district courts should apply an interests-of-justice test.") (citing *Greene*, 764 F.2d at 22).

Federal Rule of Civil Procedure 65 governs interim injunctive relief.  The First Circuit

has instructed: "[T]he federal courts have been very careful to give [Federal Rule 65(d)] full effect. [Its] requirements ... have been treated as mandatory, and even emergency conditions have not warranted a departure from them." *Francisco Sanchez v. Esso Standard Oil Co.,* 572 F.3d 1, 15 (1st Cir. 2009) (quoting 11A Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice and Procedure* § 2955 (2009)); *see also id.* ("An order that fails to comply with the prerequisites of Rule 65(d) should be set aside on appeal").

Furthermore, the First Circuit has recognized that "[i]n determining whether to grant a preliminary injunction, the district court must consider the following factors:

> first, the likelihood that the party requesting the injunction will succeed on the merits; second, the potential for irreparable harm if the injunction is denied; third, the hardship to the nonmovant if enjoined compared to the hardship to the movant if injunctive relief is denied; and fourth, the effect of the court's ruling on the public interest.

*Id.* at 14 (quoting *Water Keeper Alliance v. U.S. Dept. of Defense,* 271 F.3d 21, 30 (1st Cir. 2001)). In sum: "A court granting a preliminary injunction must set forth the findings of fact and conclusions of law supporting its issuance." *Id.* (quoting Fed. R. Civ. P. 52(a)(2)). Plaintiffs bear the burden of demonstrating an entitlement to emergency relief. See, *e.g., Acosta v. Pablo Restrepo*, 470 F. Supp. 3d 161, 166 (D.R.I. 2020) ("The Court should not award the extraordinary and drastic remedy of a preliminary injunction unless the plaintiffs meets their burden of persuasion with 'substantial proof.") (quotations omitted).

## ANALYSIS

In this case, justice requires that the Court reconsider and vacate the portion of the September 12, 2025, Text Order that stays implementation of Executive Order 14,328 as to USICH. Although the Court fashioned its Order as a "stay," this facet of the Court's Order

operates as an injunction preventing USICH from implementing an Executive Order.[1]  Yet, while this facet of the September 12, 2025, Text Order operates as an injunction, it does not fulfill fundamental requirements of Federal Rule of Civil Procedure 65:  it does not state the reasons why it issued, *see* Fed. R. Civ. P. 65(d)(1)(A), or address the requirement for security to be posted, *see* Fed. R. Civ. P. 65(c).  Because those conditions are "mandatory," *Francisco Sanchez*, 572 F.3d at 15, the failure to apply such criteria itself requires reconsideration.

Defendants respectfully submit that the portion of the September 12, 2025, Text Order staying implementation of Executive Order 14238 does not meet those requirements; the Court did not assess any of the four factors that inform whether a preliminary injunction should issue, *see supra*, and did not provide its reasoning for the entry of the Order.

Nor is the issuance of any such order proper on the current record.  Insofar as the Court intended to incorporate the reasoning from the injunction previously issued in this matter, *see* Preliminary Injunction, ECF 60, Defendants note that that injunction concerned different defendant agencies.  The reasoning therein therefore cannot supplant, for example, consideration of the particular irreparable harms that would allegedly arise if Executive Order 14238 were implemented as to USICH.  That element is particularly relevant here, given that Plaintiffs amended their complaint to add USICH as a defendant on June 12, 2025, but never moved for a preliminary injunction.  Indeed, at no point did Plaintiffs suggest that any court order before final judgment as to USICH was necessary until making a short statement in their opposition to Defendants' motion regarding the statement of material facts.  Nor have they ever moved for

---

[1] Black's Law Dictionary specifies that a stay operates on a judicial proceeding or judgement while an injunction, more broadly, is a court order "commanding or preventing an action."  INJUNCTION, Black's Law Dictionary (12th ed. 2024); *compare* STAY, Black's Law Dictionary (12th ed. 2024) ("The postponement or halting of a proceeding, judgment, or the like." And "An order to suspend all or part of a *judicial* proceeding or a *judgment* resulting from that proceeding.") (emphasis added).

such relief.  That delay alone may well be dispositive.  *See, e.g.*, *Voice of the Arab World, Inc. v. MDTV Med. News Now, Inc.*, 645 F.3d 26, 35 (1st Cir. 2011) ("failure to act sooner undercuts the sense of urgency that ordinarily accompanies a motion for preliminary relief and suggests that there is, in fact, no irreparable injury"); *BTL Indus., Inc. v. Rejuva Fresh LLC*, No. 2025 WL 1333524, at *11 (D. Me. May 7, 2025) ("[plaintiff's] delay in moving for a preliminary injunction weighs against issuing one in this matter"); *Two Hands IP LLC v. Two Hands Am., Inc.*, 563 F. Supp. 3d 290, 300 (S.D.N.Y. 2021) ("[T]he significant delay in bringing the preliminary injunction motion counsels against a finding of irreparable injury").

Moreover, for the reasons stated in Defendants' Opposition to Plaintiffs' Motion for Summary Judgment and Cross-Motion for Summary Judgment, Plaintiffs cannot establish likelihood of success on the merits of their claims regarding USICH.  *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) ("A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.").

Under these circumstances, the Court should reconsider and vacate its September 12, 2025, Text Order, insofar as that Order stayed "[a]ny actions implementing the Executive Order as to USICH, including RIFs . . . until the resolution of Plaintiffs' Motion for Summary Judgment."

Dated:  October 10, 2025                Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division, Federal Programs Branch

JOSEPH E. BORSON
Assistant Branch Director
Federal Programs Branch

*/s/ Abigail Stout*
ABIGAIL STOUT
(DC Bar No. 90009415)
*Counsel*
U.S. Department of Justice
Civil Division
950 Pennsylvania Avenue, NW
Washington, DC 20530
Telephone: (202) 514-2000
Email: Abigail.Stout@usdoj.gov

*/s/ Julia A. Heiman*
JULIA A. HEIMAN (D.C. Bar No. 986228)
HEIDY L. GONZALEZ
Federal Programs Branch
U.S. Department of Justice, Civil Division
1100 L Street, N.W.
Washington, DC  20005
Tel. (202) 616-8480 / Fax (202) 616-8470
julia.heiman@usdoj.gov

*Attorneys for Defendants*