UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| STATE OF RHODE ISLAND, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*, <br><br> Defendants. | Case No.: 1:25-cv-00128-JJM-AEM |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR PARTIAL RECONSIDERATION OF THE COURT'S SEPTEMBER 12, 2025, ORDER**

Defendants' motion for reconsideration should be denied. This Court possessed ample authority to enter an administrative stay of the government's planned Reduction in Force (RIF) at the U.S. Interagency Council for Homelessness (USICH) in order to "freeze legal proceedings" until the Court could rule on Plaintiffs' motion for summary judgment and to mitigate the prejudice of granting Plaintiffs' requested extension of time to file their response to Plaintiffs' statement of undisputed material facts. *United States v. Texas*, 144 S. Ct. 797, 798 n.1 (2024) (Barrett, J., concurring in denial of applications to vacate stay). Defendants do not satisfy the high burden of demonstrating that this order entailed a "manifest error of law" that warrants reconsideration; indeed, they do not address the appropriateness of an administrative stay at all, instead reimagining the order as a preliminary injunction that the Court did not issue. *See* Defendants' Motion for Partial Reconsideration (ECF No. 86). And it would be profoundly inequitable to grant the Defendants' request for reconsideration when they failed to object to that stay before it was issued or in a timely manner afterwards. Rather, Defendants waited nearly a

month before seeking relief, and only after helping themselves to the full benefit of the four-week extension that accompanied that stay.

## ARGUMENT

The grant of a motion for reconsideration is "an extraordinary remedy which should be used sparingly." *Palmer v. Champion Mtg.*, 465 F.3d 24, 30 (1st Cir. 2006) (quoting 11A Charles Alan Wright et al., Federal Practice and Procedure § 2810.1 (2d ed. 1995)).  Typically, such motions may be granted only where a party demonstrates a "manifest error of law" or "newly discovered evidence," or where the court has "patently misunderstood a party" or "made an error not of reasoning but apprehension." *Ruiz Rivera v. Pfizer Pharms., LLC*, 521 F.3d 76, 81-82 (1st Cir. 2008) (citations omitted).  Courts in this Circuit regularly apply these demanding standards where, as here, a party requests relief from the grant or denial of a stay or other interlocutory order.  *See, e.g.*, *Pineda v. Skinner Servs., Inc.*, No. 16-12217-FDS, 2020 WL 1310035, at *1 (D. Mass. Jan. 24, 2020); *Baines v. Dunlap*, No. 1:19-cv-00509-LEW, 2020 WL 3961946, at *1 (D. Me. July 13, 2020); *Biscayne Entm't, Inc. v. City of Providence Bd. of Licensees*, No. 20-130-JJM-LDA, 2020 WL 3104934, at *2 (D.R.I. June 11, 2020).

This Court did not err, let alone "manifest[ly]," by staying the planned RIF at USICH while the Court considered the parties' cross-motions for summary judgment.  Federal courts possess the "authority to enter . . . administrative stay[s]" pursuant to their "inherent authority to manage [their] own docket[s]." *United States v. Texas*, 144 S. Ct. 797, 798 n.1 (2024) (Barrett, J., concurring in denial of applications to vacate stay).  Such stays "do not typically reflect the court's view of the merits" and are not "control[led]" by the four-factor test for preliminary injunctive relief.  *Id.* at 798-99.  Rather, they are designed to "freeze legal proceedings until the court can rule" on the underlying motion.  *Id.* at 798.  Although "administrative stays are more

common in appellate courts," district courts have repeatedly granted them in cases brought under the Administrative Procedure Act. *Nat'l Council of Nonprofits v. OMB*, 763 F. Supp. 3d 13, 17 (D.D.C. 2025) (granting administrative stay of federal funding freeze); *see also, e.g.*, Order, *Texas v. Dep't of Homeland Sec.*, No. 24-CV-306 (E.D. Tex. Aug. 26, 2024) (granting administrative stay of parole-in-place program); *Chef Time 1520 LLC v. Small Bus. Admin.*, No. 22-CV-3587 (D.D.C. Dec. 1, 2022) (granting administrative stay of distribution of funds from the Restaurant Revitalization Fund).

The Court had ample reason to grant such a stay here. Defendants told this Court that they required a four-week extension of their deadline to respond to Plaintiffs' statement of undisputed material facts, which would have prevented the underlying summary judgment motion from being fully briefed and ripe for decision until at least October 24. *See* Defendants' Motion for a Status Conference at 4 (ECF No. 78). In response, Plaintiffs expressed concern that Defendants "intended to decimate USICH with massive [RIFs] by later September" and that, as discussed during a previous status conference, Plaintiffs had refrained from filing a preliminary injunction motion regarding the dismantling of USICH on the understanding that summary judgment proceedings would be expedited. Plaintiffs' Response to Defendants' Motion to Strike at 7 (ECF No. 81). Plaintiffs accordingly underscored the prejudice that would be occasioned by granting the requested extension and proposed that, if the requested extension was granted, the court should stay the implementation of the executive order as to USICH, including any planned RIF. *Id.* Defendants did not object to, or even address, that proposed course of action in their reply brief. *See* Defendants' Reply in Support of Their Motion for a Status Conference at 1-2 (ECF No. 82). In this circumstance, the Court reasonably accommodated the parties' interests by granting Defendants' requested extension but issuing an administrative stay that prevented

Defendants from taking advantage of the additional period to take irreversible steps to gut USICH. The Court's stay thus "fr[oze] legal proceedings" in precisely the manner that administrative stays are designed to do. *Texas*, 144 S. Ct. at 798 (Barrett, J., concurring).

Defendants now belatedly argue that the stay should have been denied. But "simple disagreement with the court's decision is not a basis for reconsideration." *Ofori v. Ruby Tuesday, Inc.*, 205 F. App'x 851, 852-53 (1st Cir. 2006); *see also Lynn v. Monarch Recovery Mgmt., Inc.*, 953 F. Supp. 2d 612, 620 (D. Md. 2013) ("mere disagreement with a court's rulings will not support granting [a motion for reconsideration]."). Moreover, Defendants fail to take the Court's stay on its own terms, instead recasting it as a "preliminary injunction" and attempting to demonstrate that preliminary injunctive relief was not warranted. *See* Motion for Reconsideration at 2-3. However, the practice of granting administrative stays is well-settled, and Defendants have never argued that such a stay was inappropriate here; indeed, they forfeited such an objection by failing to raise it in their reply to Plaintiffs' opposition brief. At minimum, Defendants have failed to demonstrate that it was a "manifest error of law" for the Court to issue an administrative stay akin to ones entered by multiple other district courts in comparable circumstances. *See Nat'l Council of Nonprofits*, 763 F. Supp. 3d at 17.

Granting Defendants' request for reconsideration would also be profoundly inequitable. If Defendants believed that a stay was improper, they could have moved for reconsideration immediately after that stay was entered, giving the Court an opportunity to deny their extension request so that it could promptly adjudicate the motions for summary judgment. Instead, Defendants took the full benefit of the four-week extension this Court granted them. Only after filing their response to Plaintiffs' summary judgment motion, thus reaping the full *upside* of the Court's order, did Defendants attempt to eliminate a condition of that extension. *See* Response in

4

Opposition to Motion for Summary Judgement (ECF No. 84). This strategic delay should not be tolerated and Defendants should be estopped from raising their arguments for reconsideration now.

The timing of Defendants' motion is especially suspect because Defendants asked for relief from the Court's stay on the very day that the Administration announced widescale RIFs throughout the federal government. *See* Decl. of Stephen Billy ¶ 7, *Am. Fed. of Gov't Employees, AFL-CIO v. OMB*, No. 3-25-cv08302-SI (N.D. Cal. Oct. 10, 2025). It hardly requires much imagination to suspect that, if the stay is lifted, the government will attempt to swiftly reimplement its planned RIF at USICH and dismantle the agency before the Court has an opportunity to rule. The Court should not allow the federal government to rush to prevent this Court from issuing effectual relief.

## CONCLUSION

For the foregoing reasons, the Motion for Reconsideration should be denied.

Dated: October 15, 2025

**PETER F. NERONHA**
Attorney General for the State of Rhode Island

*/s/ Natalya A. Buckler*
Kathryn M. Sabatini (RI Bar No. 8486)
Chief, Civil Division
Special Assistant Attorney General
Katherine Connolly Sadeck (RI Bar No. 8637)
Solicitor General
Assistant Attorney General
Natalya A. Buckler (RI Bar No. 8415)
Assistant Attorney General
Paul Meosky (RI Bar No. 10742)
Special Assistant Attorney General
150 South Main Street
Providence, RI 02903
Phone: (401) 274-4400
Fax: (401) 222-2995
ksabatini@riag.ri.gov
ksadeck@riag.ri.gov
nbuckler@riag.ri.gov
pmeosky@riag.ri.gov
*Attorneys for the State of Rhode Island*

Respectfully submitted,

**LETITIA JAMES**
Attorney General for the State of New York

By: */s/ Abigail Katowitz-Liu*
Abigail Katowitz-Liu
Assistant Attorney General
Rabia Muqaddam
Special Counsel for Federal Initiatives
Sean Bunny
Assistant Attorney General
28 Liberty St.
New York, NY 10005
(212) 416-8922
Abigail.katowitz-liu@ag.ny.gov
Rabia.muqaddam@ag.ny.gov
Sean.bunny@ag.ny.gov
*Attorneys for the State of New York*

**ANNE E. LOPEZ**
Attorney General for the State of Hawaiʻi

By: */s/ Kalikoʻonālani D. Fernandes*
David D. Day
Special Assistant to the Attorney General
Kalikoʻonālani D. Fernandes
Solicitor General
425 Queen Street
Honolulu, HI 96813
(808) 586-1360
kaliko.d.fernandes@hawaii.gov

| | |
|---|---|
| **KRISTIN K. MAYES** <br> Attorney General <br> State of Arizona <br><br> */s/ Syreeta A. Tyrell* <br> Syreeta A. Tyrell <br> Senior Litigation Counsel <br> 2005 North Central Avenue <br> Phoenix, Arizona 85004 <br> Phone: (602) 542-3333 <br> Syreeta.Tyrell@azag.gov <br> ACL@azag.gov <br> *Attorneys for the State of Arizona* <br><br> **ROB BONTA** <br> ATTORNEY GENERAL OF CALIFORNIA <br><br> */s/ Jay C. Russell* <br> Jay C. Russell <br> Deputy Attorney General <br> Thomas S. Patterson <br> Senior Assistant Attorney General <br> Zelda Vassar <br> Deputy Attorney General <br> California Attorney General's Office <br> 455 Golden Gate Avenue, Suite 11000 <br> San Francisco, CA 94102 <br> (415) 510-3617 <br> Jay.Russell@doj.ca.gov <br> Zelda.Vassar@doj.ca.gov <br> *Counsel for the State of California* <br><br> **PHILIP J. WEISER** <br> Attorney General of Colorado <br><br> By: */s/ David Moskowitz* <br> David Moskowitz <br> *Deputy Solicitor General* <br> 1300 Broadway, #10 <br> Denver, CO 80203 <br> (720) 508-6000new <br> David.Moskowitz@coag.gov | **WILLIAM TONG** <br> Attorney General <br> State of Connecticut <br><br> */s/ Ashley Meskill* <br> Ashley Meskill <br> Assistant Attorney General <br> 165 Capitol Avenue <br> Hartford, CT 06106 <br> Phone: (860) 808 5270 <br> Ashley.Meskill@ct.gov <br><br> **KATHLEEN JENNINGS** <br> Attorney General of the State of Delaware <br><br> By: */s/ Vanessa L. Kassab* <br> IAN R. LISTON <br> Director of Impact Litigation <br> VANESSA L. KASSAB <br> Deputy Attorney General <br> Delaware Department of Justice <br> 820 N. French Street <br> Wilmington, DE 19801 <br> (302) 683-8899 <br> vanessa.kassab@delaware.gov <br><br> **KWAME RAOUL** <br> Attorney General of Illinois <br><br> */s/ Holly F.B. Berlin* <br> HOLLY F.B. BERLIN <br> Assistant Attorney General <br> Office of the Illinois Attorney General <br> 115 S. LaSalle St. <br> Chicago, IL 60603 <br> (312) 814-3000 <br> holly.berlin@ilag.gov <br> Counsel for the State of Illinois |

**AARON M. FREY**
Attorney General for the State of Maine

/s/ *Vivian A. Mikhail*
Vivian A. Mikhail
Deputy Attorney General
Office of the Attorney General
6 State House Station
Augusta, ME  04333-0006
Tel.:  207-626-8800
Fax:  207-287-3145
Vivian.Mikhail@maine.gov

**ANTHONY G. BROWN**
Attorney General for the State of Maryland

By: /s/ *Keith M. Jamieson*
Keith M. Jamieson
Assistant Attorney General
200 Saint Paul Place, 20th Floor
Baltimore, Maryland  21202
(410) 576-6960
kjamieson@oag.state.md.us
*Attorneys for the State of Maryland*

**ANDREA JOY CAMPBELL**
Attorney General of Massachusetts

/s/ *Katherine Dirks*
Katherine Dirks
*Chief State Trial Counsel*
Office of the Attorney General
One Ashburton Place, 20th Floor
Boston, MA 02108
(617) 963-2277
katherine.dirks@mass.gov
*Attorney for the State of Massachusetts*

**DANA NESSEL**
Attorney General for the People of Michigan

/s/ *Neil Giovanatti*
Neil Giovanatti
BreAnna Listermann
*Assistant Attorneys General*
Michigan Department of Attorney General
525 W. Ottawa
Lansing, MI 48909
(517) 335-7603
GiovanattiN@michigan.gov
ListermannB@michigan.gov

**KEITH ELLISON**
Attorney General for the State of Minnesota

By: /s/ *Jacob Harris*
Jacob Harris
Assistant Attorney General
445 Minnesota Street, Suite 600
St. Paul, Minnesota, 55101
(651) 757-1156
Jacob.Harris@ag.state.mn.us

**AARON D. FORD**
Attorney General of Nevada

By: /s/ *Heidi Parry Stern*
Heidi Parry Stern (Bar. No. 8873)
Solicitor General
Office of the Nevada Attorney General
1 State of Nevada Way, Ste. 100
Las Vegas, NV 89119
HStern@ag.nv.gov

**MATTHEW J. PLATKIN**
Attorney General of New Jersey

/s/ *Joshua Bohn*
Joshua Bohn
  *Deputy Attorney General*
Office of the Attorney General
25 Market Street
Trenton, NJ 08625
(609) 696-5366
Joshua.Bohn@law.njoag.gov
*Counsel for the State of New Jersey*

**RAÚL TORREZ**
Attorney General of New Mexico

/s/ *Anjana Samant*
Anjana Samant
Deputy Counsel for Impact Litigation
New Mexico Department of Justice
P.O. Drawer 1508
Santa Fe, NM 87504-1508
(505) 490-4060
asamant@nmdoj.gov
Attorney for Plaintiff State of New Mexico

**DAN RAYFIELD**
Attorney General for the State of Oregon

/s/ *Brian Simmonds Marshall*
Brian Simmonds Marshall
*Senior Assistant Attorney General*
100 SW Market Street
Portland, OR 97201
(971) 673-1880
brian.s.marshall@doj.oregon.gov
*Attorneys for the State of Oregon*

**CHARITY R. CLARK**
Attorney General for the State of Vermont

By: /s/ *Ryan P. Kane*
Ryan P. Kane
Deputy Solicitor General
109 State Street
Montpelier, VT 05609
(802) 828-2153
Ryan.kane@vermont.gov

**NICHOLAS W. BROWN**
Attorney General for the State of Washington

/s/ *Kate S. Worthington*
Kate S. Worthington, WSBA #47556
Sarah E. Smith-Levy, WSBA #55770
Assistant Attorneys General
7141 Cleanwater Drive SW
P.O. Box 40111
Olympia, WA 98504-0111
(306) 709-6470
kate.worthington@atg.wa.gov
sarah.e.smith-levy@atg.wa.gov
Attorneys for Plaintiff State of Washington

**JOSHUA L. KAUL**
Attorney General for the State of Wisconsin

/s/ *Colin T. Roth*
COLIN T. ROTH
Assistant Attorney General
WI State Bar #1103985
Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 266-7636
rothct1@doj.state.wi.us
Attorney for Plaintiff State of Wisconsin

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I filed the within via the ECF filing system and that a copy is available for viewing and downloading. I also caused a copy to be sent via the ECF System to counsel of record on this 15th day of October, 2025.

<em>/s/ Paul T.J. Meosky</em>