# EXHIBIT B

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| STATE OF RHODE ISLAND; et al.,<br><br>Plaintiffs,<br><br>v.<br><br>DONALD TRUMP, in his official capacity as President of the United States; et al.,<br><br>Defendants. | C.A. No. 1:25-cv-128 |

## DECLARATION OF ALEX DOE

Pursuant to 28 U.S.C. § 1746, I, Alex Doe, hereby declare as follows:

1. I am currently employed by the Minority Business Development Agency (MBDA). I am over the age of 18 and have personal knowledge of all the facts stated herein, except those matters stated upon information and belief; as to those matters, I believe them to be true.

2. I am submitting this declaration pseudonymously because I fear retaliation. But if the Court would like to know my name or job position, I would be willing to provide it ex parte and under seal.

3. This declaration supplements the declarations I submitted on April 3, 2025, April 11, 2025, and April 17, 2025, with information that I have learned since that date.

4. As of October 10, 2025, it is my understanding that there were 24 employees working at MBDA, three of whom were managers. In addition to these employees, one political appointee, Kelly Mitchell, serves as the agency's Deputy Chief of Staff.

5. The position of Undersecretary of Commerce for Minority Business Development has been vacant since January 2024. Although an individual was detailed to the position of

1

Director of Business Centers earlier this year, that detail ended on September 30, 2025, and the position has been vacant since that date.

6.  On October 10, 2025, I received a Reduction in Force (RIF) notice from the Department of Commerce. *See* Exhibit A. That notice states that "[t]he Department is abolishing all non-statutorily required positions performing discretionary functions within MBDA," and that "[t]his RIF action is based on the Department's plan to eliminate the discretionary functions of MBDA due to a lack of funding and because the discretionary functions of MBDA are not consistent with the Secretary's priorities." *Id.* at 1. The RIF notice states that terminations will be effective on December 9, 2025.

7.  It is my understanding that all 24 employees of MBDA received similar RIF notices on October 10. To my knowledge, the only individual currently working at MBDA who did not receive such a notice is Kelly Mitchell, the agency's politically appointed Deputy Chief of Staff.

8.  I have reviewed the October 10 memorandum from Paul Dabbar, Deputy Secretary of the Department of Commerce, entitled "Reduction in Force of Minority Business Development Agency Positions." *See* Exhibit F ("Dabbar Memorandum"). That memorandum asserts that the RIF of all current employees at MBDA will not prevent the agency from fulfilling any of its statutory obligations. *Id.* at 2.

9.  Based on my knowledge and experience, I do not believe MBDA could fulfill its statutory functions if the RIF took effect.

10. First, the Dabbar Memorandum asserts that the RIF will not affect the statutorily required positions of Under Secretary and Director of Business Centers. *Id.* at 2. Both of those positions, however, are currently vacant. As the agency is presently constituted, the RIF would

2

leave only a single political appointee, Ms. Mitchell, responsible for carrying out all of the functions of MBDA.

11. Second, the Dabbar Memorandum asserts that the Director of Business Centers alone can administer all 7 existing MBDA business center grants, which the memorandum estimates will require approximately 4 hours per grant per week. *Id.* at 2. That assertion is not consistent with current or past practice at MBDA. Currently, nine full-time employees are responsible for servicing MBDA's existing grant portfolio. That work includes managing data and ensuring adherence to grant specific requirements; providing direct support and strategic guidance to existing grantees on grant implementation and day-to-day operations; and providing technical assistance analyzing grant data to identify trends, developing recommendations for program improvement, and researching funding opportunities. Carrying out these duties requires a specialized skillset, and existing MBDA employees have over fifty years of collective experience. In addition, these employees are assisted by a contractor, Corner Alliance, which has been awarded a contract to perform grant-related duties that MBDA employees would otherwise perform. Collectively, I would estimate that this work requires a minimum of 20 hours per week per grant. It is not feasible that a single individual could perform that work on their own.

12. It is particularly unlikely that the Director of Business Centers could service all existing grants. As noted, that position is currently vacant. Even if an individual were detailed or appointed to this position by the time the RIF took effect, that person would lack experience with administering MBDA grants and would need to develop familiarity with the business centers, grant terms, compliance standards, and other technical aspects of the agency's work. It is unlikely that such an individual could singlehandedly perform the work currently performed by nine experienced MBDA employees. Political appointees have historically been heavily reliant upon

3

skilled and sometimes certified employees to execute the agency's mission, including a grants manager, contracting officer, and other experienced employees.

13. In addition, replacing an experienced staff of grant managers with a single inexperienced individual would substantially disrupt the work of MBDA business centers and other stakeholders. Business centers rely on MBDA staff to ensure they are conforming to grant terms, to receive timely distributions of their grant funds, and to obtain technical assistance. Immediately eliminating staff members that the business centers have relied on to perform this work would unsettle standard practice and substantially impact business centers' ability to carry out the terms of their grants.

14. Furthermore, the Dabbar Memorandum does not acknowledge that, in addition to its 7 business center grants, MBDA currently administers 21 grants under the Capital Readiness Program, a technical assistance program to help underserved entrepreneurs grow and scale their businesses. The funds for these grants run through 2027. The Dabbar Memorandum does not explain how a single individual could administer all of these existing grants, and in my estimation it is not feasible that a single individual could do so.

15. The Dabbar Memorandum also asserts that the Director of Business Centers alone can ensure that the "information clearinghouse remains active." *Id.* at 3. The information clearinghouse is not currently active. The website referenced in the memorandum, mbda.gov/research, has not been updated in several years, and does not include reports and datasets dating back to at least 2023. Given that the agency is not currently fulfilling this statutory obligation with a staff of 24 experienced employees, it is highly unlikely that a single inexperienced individual would be able to do so.

16. The Dabbar Memorandum acknowledges that the agency also is not currently fulfilling several other mandatory statutory duties, including establishing the Parren J. Mitchell grant program and establishing a rural business center program. *Id.* at 3-4. Given that the agency is not fulfilling these obligations with existing staff, it is exceedingly unlikely that a single appointee would do so.

17. The agency has taken deliberate steps to minimize the staff and work assignments to carry out statutory required functions. For examples, all legislative and public affairs activities have ceased. These positions/activities are critical and have supported the Undersecretary in past years to garner support on Capitol Hill, build relationships with government officials, prepare policy briefs, testimony for hearings, etc.

18. For these and other reasons, I do not believe that MBDA could fulfill its statutory functions if the RIF takes effect.

I declare under penalty of perjury under the laws of the United States that, to the best of my knowledge, the foregoing is true and correct. Executed on October 17, 2025.

                                                        /s/ Alex Doe  
                                                          Alex Doe