IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| STATE OF RHODE ISLAND, *et al.*,<br><br>      Plaintiffs,<br><br>  v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*,<br><br>      Defendants. | No. 25-cv-00128 |

**DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR PARTIAL RECONSIDERATION OF THE COURT'S SEPTEMBER 12, 2025, ORDER**

  Defendants respectfully maintain that reconsideration and vacatur of the Court's September 12, 2025 Text Order is appropriate because the Court entered a preliminary injunction as to USICH without sufficient consideration of the relevant and mandatory Rule 65 factors.

  Plaintiffs attempt to sidestep this inevitable conclusion by characterizing the Text Order as an "administrative stay." ECF No. 87 at 2. They do not attempt to justify the Text Order as satisfying Rule 65's requirements, nor do they claim that the Court applied such factors in issuing its order. The United States respectfully asserts that the Court lacks jurisdiction and has no authority as a district court to enter proscriptive or mandatory administrative stays effectively operating as injunctions absent application of the Rule 65 requirements, especially against a co-equal branch of the federal government.

  The Federal Rules of Civil Procedure provide for only two forms of provisional injunctive relief: (1) preliminary injunctions, which operate to enjoin parties during the pendency of an action, and (2) temporary restraining orders, which operate to enjoin parties until the Court has the opportunity to consider a request for a preliminary injunction and which may be sought on an ex parte basis. *See* Fed. R. Civ. P. 65(a), (b); Wright & Miller, 11A Fed. Prac. & Proc. Civ. § 2941 (3d ed. June 2024 update) ("A temporary-restraining order typically is sought and

issued on an ex parte basis and operates to prevent immediate irreparable injury until a hearing can be held to determine the need for a preliminary injunction. A preliminary injunction is effective until a decision has been reached at a trial on the merits."). Before either a preliminary injunction or a temporary restraining order may issue, a movant must establish a likelihood of success on the merits and irreparable harm (among other showings). *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20, 22 (2008).

While a temporary restraining order cannot generally be immediately appealed, the issuance of a preliminary injunction can. This is because a temporary restraining order can only last for a short period of time and comes with "general principles imposing strict limitations on the scope of temporary restraining orders." *Sampson v. Murray*, 415 U.S. 61, 86–88 (1974). And courts cannot characterize provisional relief exceeding those strict limitations as a temporary restraining order. As the Supreme Court has noted: "A district court, if it were able to shield its orders from appellate review merely by designating them as temporary restraining orders, rather than as preliminary injunctions, would have virtually unlimited authority over the parties in an injunctive proceeding." *Sampson*, 415 U.S. at 86–87; *see also In re Dist. No. 1 – Pac. Coast Dist., Marine Eng'rs' Beneficial Ass'n*, 723 F.2d 70, 74 (D.C. Cir. 1983) (deeming characterization of provisional relief as temporary restraining order "to be patently erroneous").

There is no third tool available to district courts—*e.g.*, an "administrative stay"—subject to some unidentified standard short of the requirements set forth in *Winter* and providing unknown appellate rights that permits a district court to enjoin a party (and, in particular, the Executive) before it can consider a request for a temporary restraining order (which itself is an urgent, emergency request for provisional relief until a preliminary injunction can be considered). Indeed, as its name indicates, an "administrative stay" is solely used by appellate courts to halt (or "stay") the effectiveness of judicial commands, not place binding obligations on the parties to a suit in the first instance.

Plaintiffs' reliance on *United States v. Texas*, 144 S. Ct. 797 (2024), misses the mark. ECF No. 87 at 1-2. Justice Barret's concurrence in *Texas* discusses administrative stays

available to appellate courts, which are used by them to halt (or "stay") the effectiveness of an order or judgment until an appellate court can consider the merits of a stay pending appeal. *Texas*, 144 S. Ct. at 799 ("When entered, an administrative stay is supposed to be a short-lived prelude to the main event: a ruling on the motion for a stay pending appeal."). Nothing in that concurrence suggests that a trial court can use that appellate apparatus to enjoin the Executive Branch or others without a requisite showing of a likelihood of success on the merits and irreparable harm.

In short, district courts enjoy no inherent authority to enjoin the Executive (or other parties) without finding that a litigant has demonstrated a likelihood of success on the merits and irreparable harm, among the other factors set forth in *Winter*. *See Ben David v. Travisono*, 495 F.2d 562, 563 (1st Cir. 1974) ("[A] district court has no license to ignore [Rule 65]"); *see also* Rachel Bayefsky, Administrative Stays: Power and Procedure, 97 Notre Dame L. Rev. 1941, 1941 (2022) ("This Article explores a little examined device that federal courts employ to freeze legal proceedings until they are able to rule on a party's request for a *stay pending appeal*: the 'administrative' or 'temporary' stay." (emphasis added)). And for the reasons set forth in Defendants' Opposition and Cross-Motion for Summary Judgment, Plaintiffs cannot meet these factors as to USICH. *See* ECF No. 84. Indeed, Plaintiffs do not claim that they have done so in their opposition. *See* ECF No. 87. Reconsideration is thus necessary to correct the "manifest error of law" stemming from the Court's failure to apply the *Winter* factor before issuing an injunction as to USICH. *Ruiz Rivera v. Pfizer Pharms., LLC*, 521 F.3d 76, 81-82 (1st Cir. 2008).

Finally, the timing of Defendants' motion is not "suspect," as Plaintiffs suggest. ECF No. 87 at 5. The Court's Order issued on September 12, 2025, and Defendants filed their Motion for Reconsideration on October 10, 2025, within the 28 days generally contemplated by the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 54(b), 59(e). Nor can Plaintiffs demonstrate prejudice by any such timing, as Defendants' timing merely extends the period of time by which the injunction is in place.

Under these circumstances, the Court should reconsider and vacate its September 12,

2025, Text Order, insofar as that Order stayed "[a]ny actions implementing the Executive Order as to USICH, including RIFs . . . until the resolution of Plaintiffs' Motion for Summary Judgment."

Dated:  October 22, 2025                     Respectfully submitted,

                                                  BRETT A. SHUMATE
Assistant Attorney General
Civil Division, Federal Programs Branch

JOSEPH E. BORSON
Assistant Branch Director
Federal Programs Branch

*/s/ Abigail Stout*
ABIGAIL STOUT
(DC Bar No. 90009415)
*Counsel*
U.S. Department of Justice
Civil Division
950 Pennsylvania Avenue, NW
Washington, DC 20530
Telephone: (202) 514-2000
Email: Abigail.Stout@usdoj.gov

 */s/ Heidy L. Gonzalez*
HEIDY L. GONZALEZ
(FL Bar No. 1025003)
Federal Programs Branch
U.S. Department of Justice, Civil Division
1100 L Street, N.W.
Washington, DC  20005
Tel. (202) 598-7409
heidy.gonzaez@usdoj.gov

*Attorneys for Defendants*