# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

STATE OF RHODE ISLAND, et al.,

              *Plaintiffs*,

v.

DONALD J. TRUMP, et al.

              *Defendants*.

C.A. No. 1:25-cv-00128

## Plaintiffs' Response to Defendants' Statement of Disputed Facts

Under Local Rule 56, "any fact alleged in the movant's Statement of Undisputed Facts shall be deemed admitted unless expressly denied or otherwise controverted" by the objecting party, who "shall identify the evidence establishing the dispute." LR Cv 56(a)(3). Here, Defendants affirmatively admit that numerous of the facts listed in Plaintiffs' Statement of Undisputed Facts are undisputed. *See* Defendants' Responses and Objections to Plaintiffs' Statement of Undisputed Facts in Support of Motion for Summary Judgment ("Statement of Disputed Facts"), ECF No. 85 at 4-5. Plaintiffs also fail to identify any evidence establishing any dispute for most of the other facts listed in Plaintiffs' Statement of Undisputed Facts. *Id.* at 2-3. Presenting no contradictory evidence, Defendants simply reiterate their opinion that such facts are immaterial and irrelevant. *Id*. However, not only is this an opinion that this Court already found unpersuasive when it denied Defendants' Motion to Strike the States' Statement of Undisputed Facts, *see* Text Order of Sept. 12, 2025, it is also insufficient under the Rules to put these facts into dispute. Since Defendants do not expressly deny the substance of these facts or present evidence to dispute them, they should be deemed admitted under Local Rule 56. *Anabell's Ice Cream Corp. v. Town of Glocester*, 925 F.

1

Supp. 920, 924 (D.R.I. 1996) (taking movant's version of the facts as true where nonmovant offered no evidence admissible at trial to make the requisite issue of material fact).

Likewise, Defendants characterize 252 facts cited by Plaintiffs as "opinions or legal conclusions" and "immaterial and not properly presented in a statement of facts." ECF No. 85 at 3-4. A cursory review, however, plainly shows that these 252 facts are, indeed, facts and not "opinions or legal conclusions" or otherwise statements not properly included in a statement of facts.[1] For example, Plaintiffs state that "IMLS took these actions [(placing IMLS staff on leave, terminating grants, suspending email accounts)] notwithstanding its own Revised Agency RIF and Reorganization Plan, which indicated that IMLS needed a minimum of thirty-five employees in order to perform its statutorily mandated functions." Plaintiffs' Statement of Undisputed Facts in Support of Motion for Summary Judgement ("Plaintiffs' Statement of Undisputed Facts"), ECF No. 76, ¶ 59. Defendants blindly label this an "opinion or legal conclusion" without denying the fact that IMLS took such action, the existence of the Revised Agency RIF and Reorganization Plan, or the Plan's recommendation that IMLS needed to maintain at least thirty-five employees to continue its statutorily mandated functions. ECF No. 85 at 3. Similarly, in response to ¶ 61 in Plaintiffs' Statement of Undisputed Facts, Defendants do not deny that Antoine Dotson, IMLS Director of Human Resources, informed IMLS staff through unofficial channels that only twelve employees would be brought back from administrative leave and implied that all of the remaining employees would be terminated, possibly within thirty days. *See* ECF No. 85 at 3. The same can

---

[1] *See generally, Constr. Indus. & Laborers Joint Pension Tr. v. Carbonite, Inc.*, 22 F.4th 1, 7 (1st Cir. 2021) ("The Supreme Court has explained that the most significant difference between statements of fact and expressions of opinion is that "a statement of fact ('the coffee is hot') expresses certainty about a thing, whereas a statement of opinion ('I think the coffee is hot') does not.") (citing *Omnicare, Inc. v. Laborers Dist. Council Constr. Indus. Pension Fund*, 575 U.S. 175, 183, 135 S.Ct. 1318, 191 L.Ed.2d 253 (2015))

be said for the other 250 facts identified in paragraph three of Defendant's Statement of Disputed Facts. *See e.g.*, Plaintiffs' Statement of Undisputed Facts ¶ 108 ("The Driskell Center also uses the Canvas to Community Grant to pay the salaries of two employees and two students."), ¶ 166 ("In partnership with Maryland Historical Trust, the Commission co-administers the African American Heritage Preservation Grant Program, which annually awards capital grants to fund the restoration and preservation needs of African American heritage sites, such as historic homes, churches, cemeteries, and museums throughout Maryland."), and ¶ 211 ("On March 31, 2025, MN SLS also received notice from AFGE Local 3403 on the status of IMLS, advising that "[t]he status of previously awarded grants is unclear. Without staff to administer the programs, it is likely that most grants will be terminated."). All of these statements from Plaintiffs' Statement of Undisputed Facts constitute "facts," and Defendants' general reference to them en masse and without any contradictory evidence does not place them in dispute. Therefore, this Court should deem these facts admitted pursuant to Local Rule 56.

Defendants attempt to dispute the substance of only sixteen facts. Of those sixteen, Defendants address ¶¶ 17, 27, and 448 in an entirely conclusory fashion and without specifically identifying the source or basis for the dispute. The only of the other thirteen facts that Defendants attempt to dispute with any specificity all pertain to MBDA. Defendants do not cognizably dispute the substance of Plaintiffs' statement of facts as to the IMLS, FMCS, or USICH, and thus all facts submitted by Plaintiffs as to those three agencies must be treated as admitted. Additionally, Defendants did not submit any Statement of Undisputed Facts of their own pursuant to the Local Rules. As such, the only material undisputed facts in the record are those cited in Plaintiffs' Undisputed Statement of Facts. Plaintiff States' responses to the sixteen facts Defendants attempt to dispute substantively are set forth in the following table.

3

## Plaintiff States' Responses to Defendants' "Disputed" Facts

| No. | Defendants' Statement | Plaintiffs' Response |
|---|---|---|
| 17 | **Plaintiffs' Statement of Fact ¶ 17**: The Institute of Museum and Library Services is the primary federal agency responsible for supporting the country's museums and libraries through grantmaking, research, and policy development. Institute of Museum and Library Services, FY 2022–2026 Strategic Plan, at 3, https://www.imls.gov/sites/default/files/2022-02/imls-strategic-plan-2022-2026.pdf (last visited Aug. 21, 2025).<br><br>**Defendants' Response:** Defendants further object that the following alleged facts are not supported by the material cited by Plaintiffs. As to these alleged facts, the evidence cited by Plaintiffs is the evidence that forms the basis of Defendants' dispute: Plaintiffs' Statement ¶¶ 17, 27, and 448. | Defendants fail to explain why they dispute this fact or specifically identify what aspect of the evidence they contend creates a dispute of fact. As such, Defendants have not complied with the requirements of the Local Rules for disputing a fact. Regardless, the evidence cited by Plaintiffs supports the asserted fact. Page 3 of Plaintiffs' cited source states the IMLS mission as "to advance, support, and empower America's museums, libraries, and related organizations through grantmaking, research, and policy development." Furthermore, page 20 of the same document introduces IMLS as "an independent grantmaking Agency and the primary source of federal support for the nation's libraries and museums." |
| 27 | **Plaintiffs' Statement of Fact ¶ 27**: All 50 States and the District of Columbia receive these grants from the IMLS. Institute of Museum and Library Services, Grant Programs, https://www.imls.gov/find-funding/funding-opportunities/grant-programs (last visited August 12, 2025).<br><br>**Defendants' Response:** Defendants further object that the following alleged facts are not supported by the material cited by Plaintiffs. As to these alleged facts, the evidence cited by Plaintiffs is the evidence that forms the basis of Defendants' dispute: Plaintiffs' Statement ¶¶ 17, 27, and 448. | Defendants fail to explain why they dispute this fact or specifically identify what aspect of the evidence they contend creates a dispute of fact. As such, Defendants have not complied with the requirements of the Local Rules for disputing a fact. Regardless, the evidence cited by Plaintiffs supports the asserted fact. Under the heading "What is the Grants to States Program?," the website cited by Plaintiffs explains how "[u]sing a population based formula, more than $160 million is distributed among the State Library Administrative Agencies (SLAAs) every year. SLAAs are official agencies charged by law with the extension and development of library services, and they are located in:<br>• Each of the 50 states and the District of Columbia;<br>• The Territories (Guam, American Samoa, the Commonwealth of Puerto Rico, the Commonwealth of the |

| | | |
|---|---|---|
| | | Northern Mariana Islands, and the U.S. Virgin Islands); and<br>• The Freely Associated States (Federated States of Micronesia, Republic of Palau, and the Republic of the Marshall Islands). |
| 448 | **Plaintiffs' Statement of Fact ¶ 448:** On April 2, 2025, the California State Library received a termination notice for the federal grant from the Institute of Museum and Library Services, immediately terminating the grant in its entirety. The termination notice refers to the $15.7 million award referred to as "Grants to States." ECF 3-3 – Lucas Dec., ¶ 17.<br><br>**Defendants' Response:** Defendants further object that the following alleged facts are not supported by the material cited by Plaintiffs. As to these alleged facts, the evidence cited by Plaintiffs is the evidence that forms the basis of Defendants' dispute: Plaintiffs' Statement ¶¶ 17, 27, and 448. | Defendants fail to explain why they dispute this fact or specifically identify what aspect of the evidence they contend creates a dispute of fact. As such, Defendants have not complied with the requirements of the Local Rules for disputing a fact. Regardless, the evidence cited by Plaintiffs supports the asserted fact. Plaintiffs' cited authority, a declaration from California State Librarian Greg Lucas, supports the statement of fact nearly word for word. *See* ECF 3-3 at ¶ 17. |
| 748 | **Plaintiffs' Statement of Fact ¶ 748:** The MBDA Office of Business Centers is administered by a Director, id. § 9502(d)(2), and is required to have "a regional office . . . for each of the regions of the United States," id. § 502(e)(2)(A). 15 U.S.C. §§ 9502(d)(2), 9502(e)(2)(A).<br><br>**Defendants' Response:** This statement inaccurately quotes the statute. It is MBDA (not the Office of Business Centers) that must have regional offices. See 15 USC 9502(e)(2)(A). | Undisputed that it is the MBDA, not the Office of Business Centers, that must have regional offices under 15 USC 9502(e)(2)(A). Regardless, Defendants do not raise an issue of material fact regarding the ultimate question of MBDA's statutory duties. |
| 751 | **Plaintiffs' Statement of Fact ¶ 751**: MBDA also funds a number of specialty centers. As of 2024, it funded twenty-one MBDA Rural Business Centers, which focus on assisting minority business enterprises in rural areas; four MBDA Advanced Manufacturing Centers, which aim to help manufacturers or domestic products; four MBDA Export Centers, which are dedicated to expanding access to global markets; and a Federal Procurement Center, which is designed to increase federal procurement and acquisition opportunities for minority business enterprises. U.S. Dep't of Commerce, MBDA, Fiscal Year 2025 Congressional Justification 16–19 (2024), | Undisputed that MBDA provided Rural Business Center funding to existing Business Centers and that the MBDA Justification of Program and Performance report, while listing 21 "Rural Business Centers," p.21, states that 21 supplemental grants were provided and 19 were accepted, p.24. Regardless, Defendants do not dispute the remainder of Plaintiffs' Statement of Fact ¶ 751 and do not raise an issue of material fact regarding the general scope of MBDA's specialty centers. |

5

| | | |
|---|---|---|
| | https://www.commerce.gov/sites/default/files/2024-03/MBDA-FY2025- Congressional-Budget-Submission.pdf.<br><br>**Defendants' Response**: This statement is inaccurate in part, and mischaracterizes the facts in part. In Fiscal Year 2023, MBDA offered supplements to existing Business Centers to provide additional rural services; these are not separate rural business centers or specialty centers. According to the budget submission document cited by Plaintiffs, the number of funded MBDA Rural Business Centers is 19. U.S. Dep't of Commerce, MBDA, Fiscal Year 2025 Congressional Justification 16–19 (2024), https://www.commerce.gov/sites/default/files/2024-03/MBDA-FY2025- Congressional-Budget-Submission.pdf. | |
| 757 | **Plaintiffs' Statement of Fact ¶757**: Following the issuance of the Reduction EO, the MBDA placed all but three employees on paid administrative leave. The only employees who were not placed on administrative leave were the Deputy Under Secretary of Commerce for Minority Business Development, the Chief Operating Officer, and the Chief of the Office of Legislative, Education, and Intergovernmental Affairs. Since that date, two additional employes have also begun working at the agency. ECF 3-41 – Doe Dec., ¶ 5.<br><br>**Defendants' Response**: Inaccurate, as well as argument, rather than a statement of fact. MBDA refrained from placing no fewer than four employees on paid administrative leave following the issuance of Executive Order 14,238. *See* Declaration of Kelly Mitchell, October 10, 2025, ¶ 8. | Defendants' response misstates the evidence of their own declarant, who attests that "MBDA refrained from placing *at least* four employees on paid administrative leave." ECF 85-1 at ¶ 8 (emphasis added). Plaintiffs' declarants attested that, on information and belief, all but three employees were put on leave following EO 14,238. ECF 3-41, ¶ 5; *see also* 3-16, ¶ 11. Moreover, Defendants' declarant fails to identify which employees were kept off leave, and so Plaintiffs are not able to verify which additional employee Defendants claim remained off leave. Furthermore, Defendants' declarant, Kelly Mitchell, started at the MBDA on March 24, ECF 85-1, ¶ 2, and so did not work at MBDA at the time of the Executive Order, which was issued on March 14, 2025, and Defendants have not established that their declarant is competent to attest to these facts. Exc. Order No. 14,238, "Continuing the Reduction of the Federal Bureaucracy" (Mar. 14, 2025). Regardless, it is undisputed that shortly after the Executive Order was issued, MBDA had only five employees remaining. ECF 76, ¶ 759. |

6

| 759 | **Plaintiffs' Statement of Fact ¶ 759:** The remaining five employees working at the MBDA at that time would not be capable of carrying out the MBDA's statutorily mandated functions, administering its existing programs, or spending its appropriated funds. ECF 3-41 – Doe Dec., ¶ 7.<br><br>**Defendants' Response:** Inaccurate, as well as argument, rather than a statement of fact. The remaining employees working at MBDA would be capable of carrying out MBDA's statutorily mandated functions, administering its existing programs, and spending its appropriated funds. See ECF 63-2, Declaration of Kelly Mitchell, ¶ 4. | Defendants' citation does not support their claim that the remaining staff at MBDA would be capable of spending its appropriated funds. *See* ECF 63-2, ¶ 4. Moreover, Defendants' sole authority for their response is a conclusory statement from the Kelly Mitchell Declaration that, in her opinion, MBDA would be capable of carrying out its statutory functions with two employees, which is insufficient especially in light of subsequent evidence that one of those two positions is currently unfilled. ECF 88-2, ¶ 5. The Mitchell Declaration does not explain how a single Deputy Chief of Staff could assume the full responsibilities of the approximately 40 employees working at the agency at the time of the Executive Order. Such a conclusory statement based on nothing but an improbable inference cannot create a genuine issue of material fact sufficient to survive summary judgment. *Rivera-Munoz v. Shinseki*, 212 F. Supp. 3d 306, 308 (D.P.R. 2016) (summarizing 1st Circuit law). *See also United States v. Hampton*, 718 F.3d 978, 981 (D.C. Cir. 2013) ("But "[w]hen a witness has not identified the objective bases for his opinion, the proffered opinion obviously fails completely to meet the requirements of Rule 701, first because there is no way for the court to assess whether it is rationally based on the witness's perceptions, and second because the opinion does not help the jury but only tells it in conclusory fashion what it should find.") (quoting *United States v. Rea,* 958 F.2d 1206, 1216 (2d Cir.1992)); To successfully oppose a properly supported motion for summary judgment, the non-moving party must demonstrate specific facts which establish a genuine issue for trial. *Hodge v. Parke–Davis & Co*., 833 F.2d 6, 7 (1st Cir.1987). *Posadas de Puerto Rico, Inc. v. Radin*, 856 F.2d 399, 401 |

| | | |
|---|---|---|
| | | (1st Cir. 1988) ("Vague and conclusory statements in an affidavit do not meet the specificity requirement of Federal Rule 56. The appellant's affidavit is therefore insufficient to establish a genuine issue for trial.") (quoting *Maldonado v. Ramirez*, 757 F.2d 48, 51 (3rd Cir.1985)). Thus, Plaintiffs' Statement of Fact should be deemed admitted. *Ramirez v. Feliciano*, 34 F.3d 1065, 1065 (1st Cir. 1994). |
| 760 | **Plaintiffs' Statement of Fact ¶ 760:** As of April 2025, MBDA administered a portfolio of more than 100 grants. All grants to minority business centers and specialty business centers were scheduled to terminate on June 30. All grants to specialty colleges and universities were scheduled to terminate on August 30. ECF 3-41 – Doe Dec., ¶ 8.<br><br>**Defendants' Response:** Inaccurate. Grants to minority business centers, specialty business centers, specialty colleges and universities, had various overall period of performance (POP) dates pursuant to their respective individual agreements. See Declaration of Kelly Mitchell, October 10, 2025, ¶ 3. | Undisputed that some of the original termination dates were extended, resulting in a range of termination dates for these grants. |
| 761 | **Plaintiffs' Statement of Fact ¶ 761:** An employee at MBDA ("Doe"), testifying anonymously, stated that it is not possible for five employees to monitor the existing portfolio of grants for waste, fraud, and abuse, or to ensure that they are being used for authorized purposes consistent with the grant award. Administration of these grants requires consistent contact with grantees to monitor and evaluate grantee performance, train, conduct site-visits, and to ensure compliance with the terms and conditions governing the grants. ECF 3-41 – Doe Dec., ¶ 9.<br><br>**Defendants' Response:** Inaccurate, as well as argument, rather than a statement of fact. MBDA retained sufficient staff to fulfill its statutorily-mandated duties, including the operation of the Business Center Program and the maintenance of the Information Clearinghouse required under 15 U.S.C. §9513(b). See ECF 63-2, Declaration of Kelly Mitchell, ¶ 4. | Defendants' sole authority for their response is a conclusory statement from the Kelly Mitchell Declaration that, in her opinion, MBDA would be capable of carrying out its statutory functions with two employees, especially in light of subsequent evidence that one of those two positions is currently unfilled. ECF 88-2, ¶ 5. The Mitchell Declaration does not explain how a single Deputy Chief of Staff could assume the full responsibilities of the approximately 40 employees working at the agency at the time of the Executive Order. Such a conclusory statement based on nothing but an improbable inference cannot create a genuine issue of material fact sufficient to survive summary judgment. *Shinseki*, 212 F. Supp. 3d at 308. *See also Hampton*, 718 F.3d at 981 ("But "[w]hen a witness has not identified the |

8

| | | |
|---|---|---|
| | | objective bases for his opinion, the proffered opinion obviously fails completely to meet the requirements of Rule 701, first because there is no way for the court to assess whether it is rationally based on the witness's perceptions, and second because the opinion does not help the jury but only tells it in conclusory fashion what it should find.") (quoting *Rea,* 958 F.2d at 1216); To successfully oppose a properly supported motion for summary judgment, the non-moving party must demonstrate specific facts which establish a genuine issue for trial. *Hodge*, 833 F.2d at 7. *Posadas de Puerto Rico,* 856 F.2d at 401 ("Vague and conclusory statements in an affidavit do not meet the specificity requirement of Federal Rule 56. The appellant's affidavit is therefore insufficient to establish a genuine issue for trial.") (quoting *Maldonado*, 757 F.2d at 51). Thus, Plaintiffs' Statement of Fact should be deemed admitted. *Feliciano*, 34 F.3d at 1065. |
| 762 | **Plaintiffs' Statement of Fact ¶ 762:** Doe testified that it will be particularly difficult for five employees to adequately monitor existing grants because the MBDA allowed its contract with Salesforce to expire. Salesforce is the performance-management platform that MBDA previously used to track grantee performance and monitor how grant funds were being used. Doe further testified that without this platform it will be extremely challenging for MBDA to monitor grantee performance, especially with a skeleton staff. ECF 3-41 – Doe Dec., ¶ 10.<br><br>**Defendants' Response:** Inaccurate in part, as well as argument, rather than a statement of fact. Plaintiffs argue that "without this platform it will be extremely challenging for MBDA to monitor grantee performance, especially with a skeleton staff." MBDA uses an internal tracking mechanism to monitor grantee performance. See Declaration of Kelly Mitchell, October 10, 2025, ¶ 4. | Once again, Defendants' authority is a vague, conclusory statement about an unspecified "internal tracking mechanism." Defendants do not provide any information or evidence regarding this tracking system, nor do they present evidence regarding if or how the existence of this unspecified internal tracking system conflicts with Plaintiffs' statement that "without this [Salesforce] platform it will be extremely challenging for MBDA to monitor grantee performance, especially with a skeleton staff." *See Posadas de Puerto Rico*, 856 F.2d at 401 ("Vague and conclusory statements in an affidavit do not meet the specificity requirement of Federal Rule 56. The appellant's affidavit is therefore insufficient to establish a genuine issue for trial.") (quoting *Maldonado*, 757 F.2d at 51). Thus, Plaintiffs' Statement of Fact |

9

| | | | |
|---|---|---|---|
| | | | should be deemed admitted. *Feliciano*, 34 F.3d at 1065. |
| 766 | **Plaintiffs' Statement of Fact ¶ 766:** Although the Administration has nominally left a skeleton staff in place at the MBDA, the Administration has effectively closed the Minority Business Development Agency. ECF 3-41 – Doe Dec., ¶ 14.<br><br>**Defendants' Response:** Inaccurate, as well as argument, rather than a statement of fact. MBDA retained sufficient staff to fulfill its statutorily-mandated duties. See ECF 63-2, Declaration of Kelly Mitchell, ¶ 4. | | Defendants' sole authority for their response is a conclusory statement from the Kelly Mitchell Declaration that, in her opinion, MBDA would be capable of carrying out its statutory functions with two employees, especially in light of subsequent evidence that one of those two positions is currently unfilled. ECF 88-2, ¶ 5. The Mitchell Declaration does not explain how a single Deputy Chief of Staff could assume the full responsibilities of the approximately 40 employees working at the agency at the time of the Executive Order. Such a conclusory statement based on nothing but an improbable inference cannot create a genuine issue of material fact sufficient to survive summary judgment. *Shinseki*, 212 F. Supp. 3d at 308 (summarizing 1st Circuit law). *See also Hampton*, 718 F.3d at 981 ("But "[w]hen a witness has not identified the objective bases for his opinion, the proffered opinion obviously fails completely to meet the requirements of Rule 701, first because there is no way for the court to assess whether it is rationally based on the witness's perceptions, and second because the opinion does not help the jury but only tells it in conclusory fashion what it should find.") (quoting *Rea,* 958 F.2d at 1216); To successfully oppose a properly supported motion for summary judgment, the non-moving party must demonstrate specific facts which establish a genuine issue for trial. *Hodge*, 833 F.2d at 7. *Posadas de Puerto Rico*, 856 F.2d at 401 ("Vague and conclusory statements in an affidavit do not meet the specificity requirement of Federal Rule 56. The appellant's affidavit is therefore insufficient to establish a genuine issue for trial.") (quoting *Maldonado*, 757 F.2d at 51). Thus, Plaintiffs' Statement of Fact should be |

| | | deemed admitted. *Feliciano*, 34 F.3d at 1065. |
|---|---|---|
| 767 | **Plaintiffs' Statement of Fact ¶ 767:** The agency is no longer fulfilling its statutorily mandated functions or spending all of the funds appropriated by Congress. ECF 3-41 – Doe Dec., ¶ 14.<br><br>**Defendants' Response:** Inaccurate, as well as argument, rather than a statement of fact. MBDA retained sufficient staff to fulfill its statutorily-mandated duties. See ECF 63-2, Declaration of Kelly Mitchell, ¶ 4. | Defendants do not dispute the fact that the agency is "no longer fulfilling its statutorily mandated functions or spending all of the funds appropriated by Congress." Rather, Defendants merely claim to have retained sufficient staff *to fulfill* its statutorily mandated duties. Furthermore, Defendants have previously represented to Plaintiffs that MBDA is *not* fulfilling certain statutory duties, including the administration of the Parren J. Mitchell Grants and the Rural Business Center Grants. ECF 88-6 at 3-4; *see also* ECF 88-2, ¶¶ 16-17 (noting how certain statutory duties are not being fulfilled including legislative and public affairs functions). Thus, Defendants admit this fact by failing to directly dispute it. |
| 805 | **Plaintiffs' Statement of Fact ¶ 805:** In 2021, the University of Hawai'i received MB21OBD8050204 in the amount of $2,050,000 to provide technical assistance and business development services to business enterprises in Hawai'i. ECF 3-10 – Deane Dec., ¶ 13.<br><br>**Defendants' Response:** Inaccurate. This award was a multi-year award, with funding obligated incrementally. The award the University of Hawai'i received in Fiscal Year 2021 was $410,000, not $2.05 million. See Declaration of Kelly Mitchell, October 10, 2025, ¶ 5. | Defendants do not dispute the fact that the University of Hawai'i received MB21OBD8050204 as a multiyear award totaling $2.05 million to be distributed in $410,000 installments over five years. Rather, Defendants' response consists of a legal interpretation regarding the Federal Government's liability for paying out the entire $2.05 million award over those five years. Thus, Defendants have not raised a dispute of material fact but rather a conclusion to be drawn from the facts, and this Court may decide the merits of such legal conclusions on summary judgment. *See CMM Cable Rep, Inc. v. Ocean Coast Props., Inc.*, 97 F.3d 1504, 1529 (1st Cir. 1996). |
| 811 | **Plaintiffs' Statement of Fact ¶ 811:** In the next fiscal year, Hawai'i is scheduled to receive disbursements/reimbursements of $410,000 under its current awards. ECF 3-10 – Deane Dec., ¶ 19.<br><br>**Defendants' Response:** Inaccurate. This award was a multi-year award, so any subsequent | Defendants do not dispute the fact that the University of Hawai'i received MB21OBD8050204 as a multiyear award totaling $2.05 million to be distributed in $410,000 installments over five years. Rather, Defendants' response consists of a legal interpretation regarding the Federal Government's |

11

| | | |
|---|---|---|
| | obligations of funds are at MBDA's sole discretion; the University of Hawai'i has no entitlement to a specific amount. See Declaration of Kelly Mitchell, October 10, 2025, ¶ 5. | liability for paying out the entire $2.05 million award over those five years. And thus, Defendants have not raised a dispute of material fact but rather a conclusion to be drawn from the facts, and this Court may decide the merits of such legal conclusions on summary judgment. *See CMM Cable Rep, Inc. v. Ocean Coast Props., Inc.*, 97 F.3d 1504, 1529 (1st Cir. 1996). |
| 843 | **Plaintiffs' Statement of Fact ¶ 843:** In 2021 MOSMBA&D received a five year MBDA grant to operate the Advanced Manufacturing Center through June 30, 2026, in the amount of two million dollars ($2,000,000) across the five year period, for four hundred thousand dollars ($400,000) per year to provide business clients with organization and financial management, business development, strategic planning, procurement, exporting, and technology adoption. ECF 3-12 – Lundy Dec., ¶ 13.<br><br>**Defendants' Response:** Inaccurate. This was a multi-year award, so while the recipient may have anticipated receiving a total of $2 million across the entire project period, the recipient was only entitled to the amounts MBDA obligated. See Declaration of Kelly Mitchell, October 10, 2025, ¶ 6. | Defendants do not dispute the fact that MOSMBA&D received a multiyear award totaling $2 million to be distributed in $400,000 installments over five years. Rather, Defendants' response consists of a legal interpretation regarding the Federal Government's liability for paying out the entire $2 million award over those five years. And thus, Defendants have not raised a dispute of material fact but rather a conclusion to be drawn from the facts, and this Court may decide the merits of such legal conclusions on summary judgment. *See CMM Cable Rep, Inc. v. Ocean Coast Props., Inc.*, 97 F.3d 1504, 1529 (1st Cir. 1996). |
| 923 | **Plaintiffs' Statement of Fact ¶ 923:** In 2022, the AZHCC Foundation was awarded the Capital Readiness Program ("CRP") grant, in the amount of $3,000,000 for over four years. The grant was awarded from the U.S. Department of Treasury to the AZHCC Foundation and administered through the MBDA. ECF 3-2 – Villalobos Dec., ¶ 14.<br><br>**Defendants' Response:** Inaccurate as to Plaintiffs' statement that, "The grant was awarded from the U.S. Department of Treasury to the AZHCC Foundation and administered through the MBDA." The Department of Treasury transferred money to MBDA through a non-expenditure funds transfer so that MBDA could provide technical assistance. MBDA established the CRP | Undisputed that the MBDA awarded the AZHCC Foundation a Capital Readiness Program grant in the amount of $3,000,0000 for a four-year period of performance. |

12

| | |
|---|---|
| program and made all awards using money that it received from the Department of Treasury prior to the publication of the CRP Notice of Funding Opportunity ("NOFO"). The grant itself was awarded from MBDA. See Declaration of Kelly Mitchell, October 10, 2025, ¶ 7. | |

October 24, 2025

Respectfully submitted,

**PETER F. NERONHA**
Attorney General for the State of Rhode Island

*/s/ Natalya A. Buckler*
Kathryn M. Sabatini (RI Bar No. 8486)
Chief, Civil Division
Special Assistant Attorney General
Katherine Connolly Sadeck (RI Bar No. 8637)
Solicitor General
Assistant Attorney General
Natalya A. Buckler (RI Bar No. 8415)
Assistant Attorney General
Paul Meosky (RI Bar No. 10742)
Special Assistant Attorney General
150 South Main Street
Providence, RI 02903
Phone: (401) 274-4400
Fax: (401) 222-2995
ksabatini@riag.ri.gov
ksadeck@riag.ri.gov
nbuckler@riag.ri.gov
pmeosky@riag.ri.gov
*Attorneys for the State of Rhode Island*

**LETITIA JAMES**
Attorney General for the State of New York

By: */s/ Abigail Katowitz-Liu*
Abigail Katowitz-Liu
Assistant Attorney General
Rabia Muqaddam
Special Counsel for Federal Initiatives
Sean Bunny
Assistant Attorney General
28 Liberty St.
New York, NY 10005
(212) 416-8922
Abigail.katowitz-liu@ag.ny.gov
Rabia.muqaddam@ag.ny.gov
Sean.bunny@ag.ny.gov
*Attorneys for the State of New York*

**ANNE E. LOPEZ**
Attorney General for the State of Hawaiʻi

By: */s/ Kalikoʻonālani D. Fernandes*
David D. Day
Special Assistant to the Attorney General
Kalikoʻonālani D. Fernandes
Solicitor General
425 Queen Street
Honolulu, HI 96813
(808) 586-1360
kaliko.d.fernandes@hawaii.gov

13

**KRISTIN K. MAYES**
Attorney General
State of Arizona

*/s/ Syreeta A. Tyrell*
Syreeta A. Tyrell
Senior Litigation Counsel
2005 North Central Avenue
Phoenix, Arizona 85004
Phone: (602) 542-3333
Syreeta.Tyrell@azag.gov
ACL@azag.gov
*Attorneys for the State of Arizona*

**ROB BONTA**
ATTORNEY GENERAL OF
CALIFORNIA

*/s/ Jay C. Russell*
Jay C. Russell
Deputy Attorney General
Thomas S. Patterson
Senior Assistant Attorney General
Zelda Vassar
Deputy Attorney General
California Attorney General's Office
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102
(415) 510-3617
Jay.Russell@doj.ca.gov
Zelda.Vassar@doj.ca.gov
*Counsel for the State of California*

**PHILIP J. WEISER**
Attorney General of Colorado

By: */s/ David Moskowitz*
David Moskowitz
*Deputy Solicitor General*
1300 Broadway, #10
Denver, CO 80203
(720) 508-6000new
David.Moskowitz@coag.gov

**WILLIAM TONG**
Attorney General
State of Connecticut

*/s/ Ashley Meskill*
Ashley Meskill
Assistant Attorney General
165 Capitol Avenue
Hartford, CT 06106
Phone: (860) 808 5270
Ashley.Meskill@ct.gov

**KATHLEEN JENNINGS**
Attorney General of the State of Delaware

By: */s/ Vanessa L. Kassab*
IAN R. LISTON
Director of Impact Litigation
VANESSA L. KASSAB
Deputy Attorney General
Delaware Department of Justice
820 N. French Street
Wilmington, DE 19801
(302) 683-8899
vanessa.kassab@delaware.gov

**KWAME RAOUL**
Attorney General of Illinois

/s/ *Holly F.B. Berlin*
HOLLY F.B. BERLIN
Assistant Attorney General
Office of the Illinois Attorney General
115 S. LaSalle St.
Chicago, IL 60603
(312) 814-3000
holly.berlin@ilag.gov
Counsel for the State of Illinois

**AARON M. FREY**
Attorney General for
the State of Maine

/s/ *Vivian A. Mikhail*
Vivian A. Mikhail
Deputy Attorney General
Office of the Attorney General
6 State House Station
Augusta, ME  04333-0006
Tel.:  207-626-8800
Fax:  207-287-3145
Vivian.Mikhail@maine.gov

**ANTHONY G. BROWN**
Attorney General for the State of Maryland

By: /s/ *Keith M. Jamieson*
Keith M. Jamieson
Assistant Attorney General
200 Saint Paul Place, 20th Floor
Baltimore, Maryland  21202
(410) 576-6960
kjamieson@oag.state.md.us
*Attorneys for the State of Maryland*

**ANDREA JOY CAMPBELL**
Attorney General of Massachusetts

/s/ *Katherine Dirks*
Katherine Dirks
*Chief State Trial Counsel*
Office of the Attorney General
One Ashburton Place, 20th Floor
Boston, MA 02108
(617) 963-2277
katherine.dirks@mass.gov
*Attorney for the State of Massachusetts*

**DANA NESSEL**
Attorney General for the People of Michigan

/s/ *Neil Giovanatti*
Neil Giovanatti
BreAnna Listermann
*Assistant Attorneys General*
Michigan Department of Attorney General
525 W. Ottawa
Lansing, MI 48909
(517) 335-7603
GiovanattiN@michigan.gov
ListermannB@michigan.gov

**KEITH ELLISON**
Attorney General for the State of Minnesota

By: /s/ *Jacob Harris*
Jacob Harris
Assistant Attorney General
445 Minnesota Street, Suite 600
St. Paul, Minnesota, 55101
(651) 757-1156
Jacob.Harris@ag.state.mn.us

**AARON D. FORD**
Attorney General of Nevada

By: /s/ *Heidi Parry Stern*
Heidi Parry Stern (Bar. No. 8873)
Solicitor General
Office of the Nevada Attorney General
1 State of Nevada Way, Ste. 100
Las Vegas, NV 89119
HStern@ag.nv.go

15

**MATTHEW J. PLATKIN**
Attorney General of New Jersey

/s/ *Joshua Bohn*
Joshua Bohn
  *Deputy Attorney General*
Office of the Attorney General
25 Market Street
Trenton, NJ 08625
(609) 696-5366
Joshua.Bohn@law.njoag.gov
*Counsel for the State of New Jersey*

**RAÚL TORREZ**
Attorney General of New Mexico

/s/ *Anjana Samant*
Anjana Samant
Deputy Counsel for Impact Litigation
New Mexico Department of Justice
P.O. Drawer 1508
Santa Fe, NM 87504-1508
(505) 490-4060
asamant@nmdoj.gov
Attorney for Plaintiff State of New Mexico

**DAN RAYFIELD**
Attorney General for the State of Oregon

/s/ *Brian Simmonds Marshall*
Brian Simmonds Marshall
*Senior Assistant Attorney General*
100 SW Market Street
Portland, OR 97201
(971) 673-1880
brian.s.marshall@doj.oregon.gov
*Attorneys for the State of Oregon*

**CHARITY R. CLARK**
Attorney General for the State of Vermont

By: /s/ *Ryan P. Kane*
Ryan P. Kane
Deputy Solicitor General
109 State Street
Montpelier, VT 05609
(802) 828-2153
Ryan.kane@vermont.gov

**NICHOLAS W. BROWN**
Attorney General for the State of Washington

/s/ *Kate S. Worthington*
Kate S. Worthington, WSBA #47556
Sarah E. Smith-Levy, WSBA #55770
Assistant Attorneys General
7141 Cleanwater Drive SW
P.O. Box 40111
Olympia, WA 98504-0111
(306) 709-6470
kate.worthington@atg.wa.gov
sarah.e.smith-levy@atg.wa.gov
Attorneys for Plaintiff State of Washington

**JOSHUA L. KAUL**
Attorney General for the State of Wisconsin

/s/ *Colin T. Roth*
COLIN T. ROTH
Assistant Attorney General
WI State Bar #1103985
Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 266-7636
rothct1@doj.state.wi.us
Attorney for Plaintiff State of Wisconsin

## CERTIFICATE OF SERVICE

I certify that on October 24, 2025, I electronically filed the foregoing document(s) and that they are available for viewing and downloading from the Court's CM/ECF system, and that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

*/s/ Paul Meosky*
