# EXHIBIT 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| STATE OF RHODE ISLAND; et al.,<br><br>Plaintiffs,<br><br>v.<br><br>DONALD TRUMP, in his official capacity as President of the United States; et al.,<br><br>Defendants. | C.A. No. 1:25-cv-128 |

### DECLARATION OF ALEX DOE

Pursuant to 28 U.S.C. § 1746, I, Alex Doe, hereby declare as follows:

1. I am currently employed by the Minority Business Development Agency (MBDA). I am over the age of 18 and have personal knowledge of all the facts stated herein, except those matters stated upon information and belief; as to those matters, I believe them to be true.

2. I am submitting this declaration pseudonymously because I fear retaliation. But if the Court would like to know my name or job position, I would be willing to provide it ex parte and under seal.

3. This declaration supplements the declarations I submitted on April 3, 2025, April 11, 2025, April 17, 2025, and October 17, 2025, by providing additional factual information in response to statements made in Defendants' Opposition to Plaintiffs' Motion to Enforce Preliminary Injunction that was filed on October 31, 2025.

4. Defendants' Opposition states that "all MBDA must do now for any remaining [Capital Readiness Program (CRP)] grants is simply approve or disapprove of their drawdowns from a programmatic perspective." Opp. 6. That assertion is incomplete. In order to service any

1

existing MBDA grants—including both CRP grants and business center grants—MBDA employees must ensure that grantees are complying with contract terms, provide technical assistance, and perform the other work described in paragraph 11 of my October 17 declaration. As noted in my prior declaration, carrying out that programmatic work requires experienced MBDA employees to expend approximately 20 hours per week per grant. It is not feasible that one or two political appointees who lack training or experience in grants management could perform that work.

5. The Opposition asserts that it is "disingenuous . . . to suggest . . . that 'nine full-time employees' are necessary to '[s]ervic[e] MBDA's existing grant portfolio' when that portfolio has shrunk drastically in size" since the beginning of this year. Opp. 9. It is true that MBDA has reduced its grant portfolio by more than 50% since the beginning of this year. The Opposition neglects to note, however, that MBDA staff has also been reduced by nearly 50% since the beginning of the year. As noted in my earlier declaration, the agency is budgeted to have a staff of approximately 75 employees, and approximately 40 individuals were working at MBDA prior to the issuance of the executive order on March 14. Doe Decl. ¶ 4 (ECF No. 3-41). Only approximately 23 employees currently remain at the agency. Eliminating these remaining staff members would make it impossible for the agency to service its remaining grants or carry out its other statutory duties.

6. The Opposition suggests that some or all of the work of MBDA's current employees could be performed by "a contractor, Corner Alliance," by "Grants Management Division Grant Officers and Specialists within the Department of Commerce," and by "attorneys within the Office of the General Counsel ('OGC')." Opp. 10. All of these entities and individuals, however, provide various forms of *administrative* support to MBDA. In particular, Corner

2

Alliance principally carries out administrative tasks like assembling spreadsheets and grants templates; officers and specialists in the Grants Management Division handle the financial side of the grants, but do not perform any programmatic work; and OGC ensures general legal compliance.  None of these offices does, or is capable of doing, the substantive, programmatic work for which MBDA employees are responsible, such as approving grants, monitoring them for compliance, and providing technical assistance.  And performing such work would likely be out of scope for the current contract with Corner Alliance.

7. The Opposition states that the Director of Business Centers position is no longer vacant because, "[i]n conjunction with the MBDA RIFs," Kelly Mitchell was reassigned to serve as Director Business Center.  Opp. 9.  That reassignment was apparently effectuated through an email sent to Ms. Mitchell on October 10.  Ex. J (10/10/25 Z. Walz Email to K. Mitchell).  Prior to the government's filing of its Opposition, employees at MBDA were not informed of this reassignment, and the email indicates that "[f]ormal documentation of [the] reassignment" has not yet been completed.  *Id.*  In any event, for the reasons noted in my prior declaration, it is not plausible that Ms. Mitchell—who lacks any training or experience in grants management—would be able to carry out all of the agency's statutory responsibilities or service all of the agency's existing grants on her own.

8. The Opposition also asserts that, "since March 14, 2025, Deputy Secretary of Labor Keith Sonderling has served as acting Under Secretary of Commerce for Minority Business Development, under his designation as an acting officer under the Federal Vacancies Reform Act."  Opp. 9 (emphasis added).  No individual has been appointed to this position since January 2024, as Mr. Sonderling's Federal Vacancies Reform Act (FVRA) paperwork confirms.  Ex. K (K. Sonderling Vacancy Reform Act Submission).  Further, it is questionable whether Mr.

3

Sonderling's FVRA designation has lapsed, given that more than 210 days have passed since he was designated to this position in an active capacity. Regardless, it is my understanding that Mr. Sonderling fills multiple other senior roles in the federal government, including Deputy Secretary of Labor and Director of the Institute of Museum and Library Services. It is not plausible that he could perform a substantial portion (if any) of the programmatic work currently performed by 23 MBDA employees.

        9.      The Opposition states that neither the "Parren J. Mitchell grant program" nor the "rural business center program . . . has been established under the Biden Administration or before the Court's preliminary injunction." Opp. 10. In fact, MBDA issued notices of funding opportunity for both programs in January 2025.[1] MBDA subsequently withdrew those notices of funding opportunity and has declined to repost them. It is not feasible that Ms. Mitchell and Mr. Sonderling could singlehandedly issue new grant solicitation, review and approve applications, and administer grants under these statutory programs.

I declare under penalty of perjury under the laws of the United States that, to the best of my knowledge, the foregoing is true and correct. Executed on November 7, 2025.


                                                  /s/ Alex Doe
                                                  Alex Doe

---

[1] *See* MBDA Parren J. Mitchell Entrepreneurship Education Program NOFO, Funding Opportunity Number MBDA-OBC-2025-1002157, https://grants.gov/search-results-detail/358218; MBDA Rural Business Center Program NOFO, Funding Opportunity Number MBDA-OBC-2025-1002158, https://grants.gov/search-results-detail/358220.